

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Richard L. Miller,
Complainant,

v.

Norman Y. Mineta,
Secretary,
Department of Transportation,
(National Transportation Safety Board),
Agency.

Appeal No. 01A53819

Agency No. 300-AO-2020

### DISMISSAL OF APPEAL

By Notice of Appeal postmarked April 23, 2005, complainant filed an appeal with this Commission from the agency's March 16, 2005 final action implementing the February 8, 2005 decision of an Administrative Judge, finding no discrimination.

The record contains a copy of a United States Postal Service "Track & Confirm" document. Therein, the United States Postal Service indicates that the agency's final action was delivered to complainant's address of record on March 19, 2005. Moreover, on appeal, complainant acknowledges receipt of the final action on March 23, 2005. A review of the final action reveals that the agency properly advised complainant that he had thirty (30) calendar days after receipt of its final decision to file his appeal with the Commission. Complainant's appeal was filed more than thirty days from both the dated identified in the above referenced "Track and Confirm" document (March 19, 2005); as well as the receipt date identified by complainant on appeal (March 23, 2005). Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal. Complainant's April 23, 2005 appeal is **DISMISSED**. *See* 29 C.F.R. § 1614.403(c).

05 2478

FILED

DEC 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                  01A53819

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

3                                        01A53819

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 2 2005
Date

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

OCT 1 2 2005
Date

Equal Opportunity Assistant

**NTSB**

National Transportation Safety Board
490 L'Enfant Plaza, SW
Washington, DC 20594-0001
www.ntsb.gov

---

Office of Equal Employment Opportunity

| | |
|---|---|
| Richard Miller,<br>Complainant, ) ) | |
| v. ) ) ) | Agency Docket No: NTSB-2005-07 |
| NATIONAL TRANSPORTATION ) | Date Filed: July 18, 2005 |
| SAFETY BOARD,<br>Agency. ) ) ) | |

## FINAL AGENCY DECISION

This is the Final Agency Decision of the National Transportation Safety Board (NTSB or Agency) dismissing the complaint filed by Richard L. Miller (Complainant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a.

## I. ADMINISTRATIVE PROCEDURES

On November 17, 2004, Complainant contacted the Agency EEO Office and initiated an Equal Employment Opportunity (EEO) Complaint. Informal EEO counseling was not successful in resolving the allegations Complainant raised, and the EEO Counselor issued Complainant a Notice of Right to File a Formal Discrimination Complaint dated March 16, 2005.

Complainant filed a formal complaint of discrimination dated July 15, 2005, that was received in the Agency EEO Office on July 18, 2005. See Attachment 1. Complainant submitted his complaint on NTSB Form 2000-A-NOV 00. The instructions in Block 16 of this form direct a Complainant to explain specifically how (s)he was discriminated against, and to list each allegation and provide specific, factual information in support of each. In response to these instructions Complainant listed allegations numbered 01 through 16 with titles such as "03 Performance", "Position Duties", "Reassignment", etc. Complainant provided no additional narrative discussion or clarification. On July 21, 2005, the undersigned forwarded a letter to Complainant requesting clarification of the

claims of discrimination he was raising by providing information that was sufficiently precise so as to allow a determination of the specific actions or practices that form the basis of his complaint. See Attachment 2. That letter also advised Complainant to provide the requested information within 15 calendar days after receipt of the letter, and that his failure to provide the requested information within 15 calendar days might result in the dismissal of his complaint in accordance with 29 CFR § 1614.107(a)(7).[1]

On August 10, 2005, approximately 20 calendar days after his receipt of the request for clarification, Complainant forwarded an email to the undersigned. See Attachment 3. In this email Complainant indicated that he needed an extension to respond to the request for clarification. On August 18, 2005, I responded via Agency email to Complainant and granted him an additional 15 days to clarify his claims.[2] On September 19, 2005, approximately 32 days after Complainant's receipt of my August 18, 2005, email, a hard copy of an email addressed from Complainant to the undersigned was delivered to the Agency's EEO Office. See Attachment 4. In this email, Complainant makes no reference to the earlier correspondence in regard to the instant complaint, but merely indicates that he is requesting "an extension on filing formal."

## II.    LEGAL STANDARDS FOR ANALYSIS

The U.S. Equal Employment Opportunity Commission ("EEOC") regulations state that an agency may dismiss a complaint pursuant to 29 CFR § 1614.107 (a) (7), for failure to cooperate where the agency has provided the Complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the Complainant has failed to respond to the request within 15 days of its receipt or the response does not address the agency's request, provided that the request included a notice of the proposed dismissal.

## III.   ANALYSIS

The Commissions' regulations at 29 CFR § 1614.106 (c) state in relevant part: "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practices(s that form the basis of the complaint. In the instant complaint, the information complainant provided in Block 16 of Attachment 1 was not sufficiently precise in order for the undersigned to identify the claims Complainant was raising, or to make a determination as to whether they met the procedural requirements of 29 CFR § 1614.107. As a result Complainant was issued a written request to clarify his claims and was provided a 15-day period in which to do so. At the same time, Complainant was advised that a failure to provide the requested information may result in the dismissal of his Complaint. Notably, Complainant did not meet this time limit. Approximately five (5) calendar days after the expiration of the 15-day period, Complainant requested an

---

[1] The letter was forwarded to Complainant by regular mail and via the Agency's e-mail system.
[2] The additional 15-day extension required that Complainant clarify his claims not later than September 1, 2005.

additional extension of time to clarify his claims. The undersigned granted Complainant
an additional extension of time, i.e., until September 1, 2005, to clarify his claims. The
additional extension meant that Complainant was provided a total of 44 calendar days in
which to clarify his claims. Complainant failed to clarify his claims by September 1,
2005. As stated above, on September 19, 2005, the undersigned received an email from
Complainant. This email makes no specific reference to the instant complaint, but
instead requests an "extension on filing formal." Attachment 4.

The Commission had held that as a general rule, an agency should not dismiss a
complaint when it has sufficient information on which to base adjudication. See Ross
v. U.S. Postal Service, EEOC Request No. 05900693 (August 17, 1990); Brinson v. U.S.
Postal Service, EEOC Request No. 05900193 (April 12, 1990). Furthermore, only in
cases where the appellant has engaged in delay or contumacious conduct and the record is
insufficient to permit adjudication has the Commission allowed a complaint to be
dismissed for failure to cooperate. See Raz v. U.S. Postal Service, EEOC Request No.
05890177 (June 14, 1989); Delgado v. U.S. Postal Service, EEOC Request No. 05900859
(October 25, 1990). The instant complaint meets that standard. Complainant was
provided an extended period of 44 calendar days in which to clarify his claims and failed
to do so. Complainant has provided no substantive reason for his failure to clarify his
claims, and no indication of when he may do so. In Complainant's email that the
undersigned received on September 19, 2005, he merely states that because of a pending
adverse action, he does not have access to work emails and documentations. However,
he provides no explanation of why his lack of access to work emails prevented him from
complying with the request to clarify his claims of discrimination within the timeframes
that I specified.

## IV.    DECISION

It is the final agency decision of the NTSB to dismiss the above captioned complaint for
failure to cooperate in accordance with the provisions of 29 CFR § 1614.107 (a) (7),
because there is a clear record of delay on the part of the Complainant, and there is
insufficient information on which to base an adjudication of the complaint.

## V.    RIGHT TO APPEAL THE FINAL AGENCY DECISION

An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from
Complainant's receipt of this decision. If an attorney of record represents Complainant,
the 30-day period for filing an appeal begins to run from the date that the attorney
receives this decision.

An appeal may be mailed, delivered in person, or sent by facsimile transmission. The
appeal may be mailed to:

Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848

Washington, DC 20036

The appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> Appellate Review Program
> 1801 L Street, NW
> Washington, DC 20507

The appeal may be sent by facsimile transmission to (202) 663-7022. The EEOC has indicated that it will not accept facsimile transmissions over 10 pages.

If mailed, the appeal must be postmarked no later than the end of the 30-day filing period. If hand-delivered or sent by facsimile transmission, the appeal must be received by the EEOC no later than the end of the 30-day filing period.

**Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.** Complainant must furnish a copy of the appeal to the NTSB at the same time an appeal is filed with the EEOC. If an appeal is not filed within the above time limits, the appeal will be untimely and may be dismissed by the EEOC. The EEOC may exercise its discretion to extend the time limit for filing an appeal based upon a written statement showing that Complainant was not notified of the prescribed time limit and was not otherwise aware of it, or that circumstances beyond Complainant's control prevented the Notice of Appeal from being filed within the prescribed time limit.

Any statement or brief in support of the appeal must be submitted to the Equal Employment Opportunity Commission, and to the NTSB, within thirty (30) calendar days of filing the Notice of Appeal. **Service on the NTSB by mail must be made on <u>both</u> of the following designated NTSB offices and addressed in the format indicated below:**

> National Transportation Safety Board
> Office of Equal Employment Opportunity
> ATTN: Fara D. Guest, Director
> 490 L'Enfant Plaza, SW
> Washington, DC 20594

> and

> National Transportation Safety Board
> Office of the General Counsel
> 490 L'Enfant Plaza, SW
> Washington, DC 20594



Due to the delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing a copy of the appeal, brief, or statement, a copy may also be sent by facsimile transmission to Fara D. Guest at (202) 314-6125.

## VII.   RIGHT TO FILE A CIVIL ACTION

If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court **within ninety (90) calendar days** of the date Complainant receives this decision. If Complainant files an appeal with the EEOC, a civil action may also be filed in a U.S. District Court **within ninety (90) calendar days** of receipt of the EEOC's final decision on appeal. A civil action may also be filed any time **after one hundred eighty (180) calendar days** from the date the appeal is filed with the EEOC, if a final decision has not been issued by the EEOC.

If Complainant files a civil action, and does not have or is not able to obtain the services of an attorney, Complainant may request the court to appoint an attorney as a representative in the matter and to permit Complainant to file the action without payment of fees, costs, or other security. **The decision to grant or deny the request is within the sole discretion of the court.** Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action **must be filed within the time frames specified above.**

Complainant is further notified that if a civil action is filed, **Mark V. Rosenker, Acting Chairman, National Transportation Safety Board** must be named as the defendant and failure to do so may result in the dismissal of the action filed.

_Fara D. Guest_                                    09-23-05
Fara D. Guest                                      Date
EEO Director

Attachments:
1. Copy of Formal Complaint of Richard L. Miller, NTSB Form 2000-A-NOV 00, dated July 15, 2005.

2. Copy of letter dated July 21, 2005 from NTSB EEO Director to Richard L. Miller: Subject: Acknowledgement of receipt of formal complaint and request for clarification of claims.

3. Copy of electronic mail message dated August 10, 2005, from Richard L. Miller to Fara Guest; Subject: none indicated.

4. Copy of electronic mail message dated August 18, 2005, from Fara D. Guest to Richard L. Miller; Subject: RE: Formal Complaint.

5. Copy of electronic mail message dated September 16, 2005, from Richard L. Miller to Fara Guest; Subject: EEO Request.

Enclosure:
EEOC Form 573 (Notice of Appeal/Petition)

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

P.O. Box 19848

Washington, DC 20036

Complainant Information: (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

Attorney/Representative Information (if any):

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

General Information:

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____ Yes; Date Received _____ (Remember to attach a copy)<br>_____ No<br>_____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the | _____ No<br>_____ Yes (Indicate the agency or procedure. |

| EEOC, another agency, or through any other administrative or collective bargaining procedures? | complaint/docket number, and attach a copy, if appropriate) |
|---|---|
| Has a civil action (lawsuit) been filed in connection with this complaint? | No ——— Yes (**Attach a copy of the civil action filed**) |

NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | |
|---|---|
| Date: | |

EEOC Form 573 REV 1/01

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act.

Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission

Office of Federal Operations

P.O. Box 19848

Washington, D.C. 20036

20 F.DG

This is to certify that on September 28, 2005, this Notice of Final Agency Decision
(Agency Docket No. NTSB-2005-07) was sent via certified mail to:

Mr. Richard Miller
1515 Arlington Ridge Road, Apt 304
Arlington, VA 22202

Fara D. Guest
EEO Director

Sent with Attachments 1-5

*ATTACHMENT #1*



## DRAFT FORMAL COMPLAINT OF DISCRIMINATION Form

### *PRIVACY ACT STATEMENT (6 USC 552a)*

**Authority:**          Public Law 92-261

**Principle Purpose:**   Format filing of allegation of discrimination because of race, color, religion, sex, handicap, age, national origin or reprisal.

**Routine:**            This form and the information on this form may be used:  (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act; (b) to respond to requests from legitimate outside individuals or agencies (e.g., Members of Congress, The White House, and the Equal Employment Opportunity Commission (EEOC) regarding the status of the complaint or appeal; and (c) to adjudicate complaint or appeal.

**Disclosure:**         Voluntary; however, failure to complete all appropriate portions of this form may lead to rejection of complaint on the basis of inadequate date on which to determine if complaint is acceptable.

| | |
|---|---|
| 1.   NAME OF COMPLAINT (Last, First, Middle Initial)<br>Richard L. Miller | 4.   ADDRESS (Include City, State, and ZIP Code)<br>1515 Arlington Ridge Road, #304<br>Arlington, Va. 22202 |
| 2.   SSN 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 | |
| 3b.  HOME TELEPHONE NO.           3a.  WORK TELPEHONE NO.<br>703-685-3709                                  202-314-6041 | |
| 5.   ARE YOU BEING REPRESENTED?<br>☐ a. Yes (Complete 5c)    X☐ b. No | 5c.  IF YES, NAME OF REPRESENTATIVE |
| 6a.  NAME OF ORGANIZATION YOU BELIEVE DISCRIMINATED<br>AGAINST YOU<br>NTSB | 6b.  ADDRESS OF ALLEGED DISCRIMINATION<br>ORGANIZATION (Include City, State, and Zip)<br>490 L'Enfant Plaza, SW<br>Washington, DC 20594 |

| | | |
|---|---|---|
| 7.   NTSB OFFICE YOU BELIEVE<br>DISCRIMINATED AGAINST YOU<br>NTSB | 8.   DATE ON WHICH MOST<br>RECENT ALLEGED<br>DISCRIMINATION OCCURRED<br>10/15/05 | 9.   ARE YOU WORKING FOR<br>THE FEDERAL GOVT.?<br>X☐ a. Yes |

**NTSB FORM 2000-A-NOV 00**

(Complete items 10,11,12)
☐ b. No
(Skip to item 13)

| 10. NAME OF AGENCY WHERE YOU ARE CURRENTLY EMPLOYED NTSB | 12a. TITLE OF YOUR CURRENT JOB Financial Management Specialist |
|---|---|
| 11. ADDRESS OF YOUR CURRENT EMPLOYER (Include City, State, and ZIP Code) 490 L'Enfant Plaza, SW, Washington DC 20594 | 12b. GRADE GS-14 |

12. Reason you believe you were discriminated against (Check Below)

| | | | |
|---|---|---|---|
| a. RACE (State your Race) | | e. HANDICAP ☐ Mental    ☐ Physical | |
| b. COLOR (State your Color) | | f. SEX ☐ Female    X☐ Male | |
| c. RELIGION (State your Religion) | | g. AGE (Specify 56 age) | |
| d. NATIONAL ORIGIN (State Natl. Origin) | | f. REPRISAL Yes | |

| 14. I HAVE DISCUSSED MY COMPLAINT WITH AN EO COUNSELOR (See Reverse) INTERVIEW X☐ a. Yes (Complete 14c)  ☐ b. No | 14c. IF YES, NAME OF COUNSELOR Sharon Floyd | 15. DATE OF FINAL |
|---|---|---|

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (That is, treated differently from other employees or applicants, because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your complaint involves more than one basis for your dissatisfaction, list and number each such allegation separately and furnish specific, factual information in support of each.) (Use additional sheets, if necessary.)

Allegation No. 1: 03 Performance
Allegation No. 2: Position Duties
Allegation No. 3: Reassignment
Allegation No. 4: Work Assignments
Allegation No. 5: Computer
Allegation No. 6: Non-Selections
Allegation No. 7: Detail Opportunities
Allegation No. 8: Harassment :
Allegation No. 9: Warning Letter
Allegation No. 10: Detailees
Allegation No. 11 03 Performance Questions
Allegation No. 12: 04 Mid-Point
Allegation No. 13: 04 Performance
Allegation No. 14: Purchase Card Transition
Allegation No. 15: Disparate Treatment
Allegation No. 16: Continuous Reprisal/Retalation

See previous emails and Counselor's Report

17. LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR COMPLAINT.

NTSB FORM 2000-A-NOV 00



19.  HAVE THE MATTERS LISTED IN ITEM 16 BEEN APPEALED TO THE MERIT SYSTEM PROTECTION BOARD OR FILED UNDER A NEGOTIATED GRIEVANCE PROCEDURE?
    ☐ a. Yes (Explain in item 20)    x☐  b. No

20.  REMARKS

| 21.  SIGNATURE OF COMPLAINANT | 22.  DATE THIS COMPLAINT FORM WAS SIGNED BY THE COMPLAINT (Month, day, year) |
|---|---|
|  | 9/15/05 |

## To be Completed by the NTSB's EEO Director

I certify that: (1) The complainant has reaffirmed this complaint in my presence and has stated that the facts contained therein are true to the best of his/her knowledge; (2) a determined effort at informal resolution of this complaint failed to produce a solution satisfactory to the complainant; and (3) local management in the appropriate change of command has been informed concerning the complaint and its submission in the above format.

| 23.  SIGNATURE OF EEOO | 24a.  TYPED NAME AND TITLE OF EEO Director |
|---|---|
|  | 24b.  ADDRESS OF EEO Office |
| 25.  DATE COMPLAINT FILED WITH EEOO PROCESSING | 26.  TELEPHONE NO. OF EEO Office COMPLAINT |

The matter(s) giving rise to the complaint will be coded using one or more of the following codes:

| CATEGORY | CODE | CATEGORY | CODE | CATEGORY | CODE |
|---|---|---|---|---|---|
| Appointment | (1) | Training | (9) | Reprisal | (17) |
| Promotion | (2) | Time & Attendance | (10) | Pay, including Overtime | (18) |
| Reassignment | (3) | Retirement | (11) | Conversion to Full Time/ | |
| Separation/Termination | (4) | Assignment to Duties | (12) | Career Conditional | (19) |
| Suspension | (5) | Exam/Test | (13) | Reinstatement | (20) |
| Reprimand | (6) | Work Conditions | (14) | Awards | (21) |
| Evaluation/Appraisal | (7) | Harassment | (15) | And/Or Other (Specify) | (22) |
| Duty Hours | (8) | Sexual Harassment | (16) | | |

27.  Enter Code(s) for Matter (s) Giving Rise to the Complaint

### INFORMATION CONCERNING THE PROCESSING OF YOUR COMPLAINT OF DISCRIMINATION

This form will be used only if you, as an NTSB employee or as an applicant for Federal employment, think you have been treated unfairly because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal. If you have any questions concerning the completion of this form, you may contact the Equal Employment Opportunity Officer (EEOO) at NTSB.

Your written, formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. If the matter has not been resolved to your satisfaction you have a right to file a complaint at any time thereafter up to 15 days after the final interview. Your written formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. This time limit may be extended if you can give a good reason for not submitting the complaint within the 15 calendar day limit.

You may have a representative at all stages of the processing of your complaint. You or your representative should personally file your complaint with the EEOO of your activity.

If your complaint is accepted, you will have an opportunity to talk with an impartial investigator from an independent contractor to give him or her all the facts you have which you believe will support your complaint. If your complaint is rejected, you will be advised in writing of the reason(s) and advised of the right to appeal. Upon completion of the investigation of your complaint, you will receive a copy of the investigator's report and an attempt will be made to resolve the complaint then.

If your complaint cannot be settled informally on the basis of the investigation, you may request a review of your record by the NTSB, Director of Equal Employment Opportunity, or you may request a hearing at this stage. If a hearing is requested, it will be conducted by an administrative judge designated by the EEOC. The findings, analysis, and recommendations will be forwarded to the Director of EEO for decision. You will be advised by the Director of the decision and provided a copy of the case record.

If you are not satisfied with the Director's decision, you will have the right to appeal to the Office of Review and

**NTSB FORM 2000-A-NOV 00**

Appeals of the EEOC, P.O. Box 19848, Washington, D.C. 20036, within 30 calendar days after receipt of the decision.

Please be specific in stating the facts concerning your complaint in items 16 through 19.

**NTSB FORM 2000-A-NOV 00**

Guest Fara                                                    ATTACHMENT #2

From:              Guest Fara
Sent:              Thursday, July 21, 2005 3:15 PM
To:                Miller Richard
Subject:           Clarification Request

Importance:        High
Sensitivity:       Private

 **NTSB**
**National Transportation Safety Board**
490 L'Enfant Plaza, SW
Washington, DC  20594-0001
www.ntsb.gov

Office of Equal Employment Opportunity

VIA EMAIL AND REGULAR MAIL

July 21, 2005

Richard L. Miller
1515 Arlington Road #304
Arlington, VA  22202

Subject:  Acknowledgement of receipt of formal complaint and request for clarification of claims

Dear Mr. Miller:

This letter acknowledges receipt of your formal complaint dated July 15, 2005, which was received in this office on July 18, 2005.  The purpose of this letter is to request that you clarify the claim(s) you are raising by providing relevant specific and detailed information.

The Federal EEO Complaint Regulations at 29 Code of Federal Regulations ("CFR") § 1614.106(c) states in part:  "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved
individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint" (emphasis added).  In block 16 of the NTSB Form 2000-A-Nov 00 that you submitted to this office, you have listed Allegations numbered 1 through 16 with general titles such as "03 Performance", "Position Duties", "Reassignment", "Work Assignment", etc.  You provided no additional information in regard to these allegations other than these titles.  As a result it is not possible for me to identify the claim(s) you are raising, or to make a determination as to whether they meet the procedural requirements of 29 CFR 1614.

Accordingly, you are requested to clarify the claim(s) of discrimination you are raising by providing information that is sufficiently precise to allow me to make a determination of the specific actions or

ATTACHMENT #3

-----Original Message-----
**From:** Miller Richard
**Sent:** Wednesday, August 10, 2005 6:28 PM
**To:** Guest Fara
**Subject:**

Fara,
I came by to see you but miss you. I am been sick and pressure with other job priorities
and need an extension on your EEO request. Richard

Guest Fara

ATTACHMENT #4

**From:** Guest Fara
**Sent:** Thursday, August 18, 2005 11:43 AM
**To:** Miller Richard
**Subject:** RE: Formal Complaint

You have an additional 15 days from today August 17, 2005 to respond to the email I sent you on 07/21/05. See below:

Office of Equal Employment Opportunity

VIA EMAIL AND REGULAR MAIL

July 21, 2005

Richard L. Miller
1515 Arlington Road #304
Arlington, VA 22202

Subject: Acknowledgement of receipt of formal complaint and request for clarification of claims

Dear Mr. Miller:

This letter acknowledges receipt of your formal complaint dated July 15, 2005, which was received in this office on July 18, 2005. The purpose of this letter is to request that you clarify the claim(s) you are raising by providing relevant specific and detailed information.

The Federal EEO Complaint Regulations at 29 Code of Federal Regulations ("CFR") § 1614.106(c) states in part: "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint" (emphasis added). In block 16 of the NTSB Form 2000-A-Nov 00 that you submitted to this office, you have listed Allegations numbered 1 through 16 with general titles such as "03 Performance", "Position Duties", "Reassignment", "Work Assignment", etc. You provided no additional information in regard to these allegations other than these titles. As a result it is not possible for me to identify the claim(s) you are raising, or to make a determination as to whether they meet the procedural requirements of 29 CFR 1614.

Accordingly, you are requested to clarify the claim(s) of discrimination you are raising by providing information that is sufficiently precise to allow me to make a determination of the specific actions or practices that form the basis of your complaint. With respect to each claim you are raising you are requested to provide the following clarifying information:

1. Identify the specific allegedly discriminatory action that forms the basis of each claim, e.g., "I was discriminated against when I received a performance rating of Excellent rather than a performance rating of Outstanding".
2. State the specific basis(es) of discrimination that you are raising with respect to each claim,

1

practices that form the basis of your complaint. With respect to *each c    n* you are raising you are requested to provide the following clarifying information:

1. Identify the specific allegedly discriminatory action that forms the basis of each claim, e.g., "I was discriminated against when I received a performance rating of Excellent rather than a performance rating of Outstanding".
2. State the specific basis(es) of discrimination that you are raising with respect to each claim, e.g. "I was discriminated against *because of my age (55)* when I received a performance rating of Excellent rather than a performance rating of Outstanding".
3. State the date(s) on which each alleged act of discrimination occurred, e.g., "I was discriminated against because of my age (55) when I received a performance rating of Excellent *for the rating period that ended on May 30, 2005*.
4. Identify the individual(s) who took the actions which form the basis of your claim(s), e.g. "I was discriminated against because of my age (55) when I received a performance rating of Excellent for the rating period that ended on May 30, 2005. This action was taken by my first line supervisor, Joe Doe." If you do not know the identity of the individual who took the action in question, please so state.

You are requested to provide this information to the undersigned within 15 calendar days after your receipt of this letter. You are also advised that your failure to provide the requested information within 15 calendar days may result in the dismissal of your complaint in accordance with 29 CFR § 1614.107(a)(7).

Respectfully,


Fara D. Guest
Director


| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | Miller Richard | Delivered: 07/21/2005 3:16 PM | Read: 07/21/2005 3:17 PM |

2

Guest Fara

ATTACHMENT # 5

**From:**          Richard Miller [rmiller29@hotmail.com]
**Sent:**          Friday, September 16, 2005 1:07 PM
**To:**            Guest Fara
**Cc:**            rmiller29@hotmail.com
**Subject:**       EEO Request

Fara Guest
EEO Director
NTSB
Washington, DC 20594

Dear Fara,
I request an extension on filing formal until my seized emails and other
documentation are released and I have access to my office (Proposal to
Remove from Service in 30 Days).
As I have been put on administrative leave and not allowed on the premises
and don't have access to my work emails and documentation, please confirm
that you recieved this email or call me (202-365-1061) and let me know of
your decision.

Sincerely,

Richard L. Miller