UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Richard Miller, )
)
      Plaintiff, )
)
v. )   Civil Action No. 05-2478 (GK)
)
Mark V. Rosenker, Acting Chairman )
NATIONAL TRANSPORTATION )
  SAFETY BOARD )
)
      Defendant )
_____)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

The defendant, Mark V. Rosenker, Acting Chairman of the National Transportation Safety Board, by and through his counsel requested on April 24, 2006, the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P, to enlarge the time to answer or otherwise respond to the Complaint by two and half weeks. The Plaintiff, Richard Miller, representing himself, respectively moves the Court to deny the defendant's motion filed through Electronic Case Filing on April 24, 2006.

The defendant agrees that the U.S. Attorney's Office was served the Complaint on February 27, 2006. The defendant further states that during the 60 days (February 27-April 28), the Assistant United States Attorney contacted the National Transportation Safety Board (NTSB) and that NTSB has only provided "some preliminary information". It is the plaintiff's understanding that Federal agencies are already allowed an additional 30 day period beyond everyone else's 30 day period to respond. It is highly unlikely that NTSB was acting in good faith on EEO cases that are four years old and could only supply "some preliminary information" to the Assistant United States Attorney in 60 days.

RECEIVED
APR 25 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
APR 25 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The defendant understands the Assistant United States Attorney has an active docket of other cases generating many other deadlines. The Assistant United States Attorney states she will be out of the country between April 25, 2006 and May 4, 2006 but does not state if this travel is personal, business or emergency travel. In fact, the Attorney waited until the afternoon of April 24th, the day prior to her being out of the country, to discuss the extension with the plaintiff and to request the extension to the Court. Since the Attorney planned to be out of the country, efforts should and could have been made for NTSB to have more than "some preliminary information" submitted to the Attorney prior to April 24, 2006, which is only three days prior to the end of the 60 day reply period (April 28, 2006).

The defendant is extremely vague on any reason for the requested extension. Other than NTSB just providing "some preliminary information" and the Attorney being out of the country for approximately 10 days, defendant's only justification for an extension is their need for "some additional time" to review and analyze the preliminary information material and to consult. Defendant questions what the defendant and Attorney have been doing on this case for 56 days.

Plaintiff does not agree that the defendant is filing this Motion for Enlargement in good faith or that it will not unfairly prejudice the plaintiff or unduly delay the Court's resolution of this matter. Indeed, the defendant has been allowed more than sufficient time of 60 days but has only provided some unspecified preliminary information in the 60 days.

The defendant's delay in only providing some preliminary information in 56 days is a continuous pattern of delay and violation of imposed deadlines, both in these EEO cases and other cases with plaintiff. The defendant has continually disregarded federally imposed deadlines in EEO cases and in holding plaintiff's Workman's Compensation

Claim for over 120 days (Federal regulations state the 2-page claim must be forwarded to Department of Labor within 10 days). The defendant also is over 60 days in supplying plaintiff's simple requested information to the AFGE (American Federation of Government Employees). The defendant has a record of delay with plaintiff of either not supplying information, not accepting formal EEO filings and Workman's Compensation Claims and continually delaying Federal processes.

Yet, defendant strongly holds plaintiff to imposed deadlines, including a denial for timeliness of just a couple of days (rather than weeks requested here), on one of his EEO claims.

The defendant surely has not followed the direction on the summons itself: "Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after the service". A Federal agency waiting until the very end of the 60 day period to only supply "some preliminary information" is not reasonable.

WHEREFORE, based on the foregoing, the plaintiff respectively requests that the defendant's Motion for Enlargement be denied. A proposed order is attached.

Dated: April 25, 2006.

Respectively submitted,

/s/ _____
Richard L. Miller
Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of April, 2006, a true and correct copy of the foregoing was served by electronic mail (to _____) and by first class United States mail, postage prepaid marked for delivery to:

        Jane M. Lyons
        Assistant United States Attorney
        555 4th Street, NW, Room E4822
        Washington, D.C. 20530

        Honorable Mark V. Rosenker
        Acting Chairman
        National Transportation Safety Board
          (NTSB)
        490 L'Enfant Plaza SW
        Washington, D.C. 20594