UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**RICHARD MILLER,**                 )
                                    )
       **Plaintiff,**            )
       v.                         )   Civil Action No. 05-2478 (GK)
                                    )   Electronic Case Filing
**MARK V. ROSENKER, Acting Chairman** )
 **NATIONAL TRANSPORTATION**      )
 **SAFETY BOARD**                 )
                                    )
       **Defendant.**           )
_____ )

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

     Defendant Mark V. Rosenker, Acting Chairman of the National Transportation Safety Board, by and through his undersigned counsel, respectfully moves the Court to dismiss this case in its entirety under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In the alternative, and with respect to any possible remaining claims, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum in Support of Motion to Dismiss or For Summary and the Declaration of Fara D. Guest, the Equal Employment Opportunity (EEO) Director/ Diversity Program Manager at the National Transportation Safety Board. A proposed order is also attached.

     Plaintiff, *pro se*, should take notice that any factual assertions contained in the attachments in support of the defendant's motion will be accepted by the Court as true unless the

plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the defendant's materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7.1(h); Fed. R. Civ. P. 56(e). Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: May 17, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

 /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**RICHARD MILLER,**          )
                                        )
       **Plaintiff,**          )
       v.                      )        Civil  Action  No. 05-2478 (GK)
                                        )        Electronic Case Filing
**MARK V. ROSENKER, Acting Chairman**)
**NATIONAL TRANSPORTATION**   )
**SAFETY BOARD**               )
                                        )
       **Defendant.**       )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff Richard Miller is employed by the National Transportation Safety Board ("NTSB") as a Financial Management Specialist. Complaint, ¶ 5. He alleges that his receipt in 2005 of a Notice of Intent to Remove him from the employment constituted an act of age discrimination and retaliation on account of his prior Equal Employment Opportunity ("EEO") activity. Complaint, ¶ 8. Plaintiff also alleges that defendant has "replaced Plaintiff with two much younger employees." Id. ¶ 9. Although the NTSB does not dispute that plaintiff has filed multiple EEO complaints beginning in 2002 and the most recent in 2006, he has not yet properly exhausted his administrative remedies with regard to the particular matters raised in the complaint filed in this Court and the matters about which he complains do not rise to the level of adverse actions. Although the matters raised in the administrative complaints associated with the materials attached to plaintiff's complaint could be timely before the Court, it is unclear that

plaintiff intends to pursue those claims at this time. Consequently, an early ruling from the Court concerning what, if anything, can survive a dispositive motion should be helpful.[1]

## BACKGROUND

Plaintiff has been employed by the NTSB since June, 1999 and he is over the age of forty. Complaint, ¶¶ 3, 5. Plaintiff filed four separate formal complaints of discrimination with the NTSB beginning on March 12, 2002 and most recently on January 21, 2006 - after plaintiff had already come into this Court in December, 2005. See Docket Entry No. 1; Declaration of Fara D. Guest ("Guest Dec."), passim (attached as Exhibit 1). Among other things, the formal complaint filed on January 21, 2006 included claims that a Notice of Proposed Removal issued to plaintiff on September 12, 2005 and the transfer of certain job responsibilities were unlawfully discrimintory and retaliatory. Id. These are the only claims asserted in the body of the instant complaint. On February 13, 2006, the agency dismissed certain of the claims raised in the January 21, 2006 complaint and began investigating the remainder. Id. There is no dispute that plaintiff had previously engaged in EEO activity. See id.; Complaint, ¶ 11 & Attachments.

## STANDARD OF REVIEW

**I.      Motion to Dismiss (Fed.R.Civ.P. 12(b)(1) and 12(b)(6))**

Defendant moves for dismissal under Rule 12(b)(6) as Plaintiff fails to state any claim upon which relief can be granted. A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his

---

[1] As explained below, to the extent that any of the subjects of the administrative complaints which are not referenced in the Complaint are allowed to go forward, the Court should direct plaintiff to file a more definite statement identifying those on which plaintiff intends to proceed. See Fed. R. Civ. P. 12(e).

claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the Court need not accept inferences that are not supported by such facts, nor must the Court accept plaintiff's legal conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.     Summary Judgment (Fed.R.Civ.P. 56)**

If matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56.  Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477

U.S. at 249-50 (citations omitted). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Moreover, Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see Fed. R. Civ. P. 1.

**ARGUMENT**

**I.    The Subjects of the Complaint Have Not Been Properly Exhausted**

Under the ADEA, a federal employee who believes that he has been the victim of age discrimination has available two alternative avenues of relief. See Stevens v. Dep't of Treasury, 500 U.S. 1 (1990). First, the employee may pursue an administrative remedy and then, if unsatisfied, she may bring a civil action. Under this option, as with other kinds of discrimination

and retaliation claims, the employee must file an administrative complaint within 45 days of the alleged unlawful action, i.e., the plaintiff must bring the complaint to the attention of an EEO counselor. See 29 C.F.R. § 1614.105. Alternatively, the aggrieved employee may seek a remedy in federal district court in the first instance, provided (i) that the employee gives the Equal Employment Opportunity Commission ("EEOC") not less than 30 days' notice of intent to file such a civil action and (ii) that such notice is filed within 180 days after the alleged unlawful act occurred. 29 U.S.C. § 633a(c); see also Thorne v. Cavazos, 744 F. Supp. 348, 350 (D.D.C. 1990). Proper exhaustion by one method or the other is required. Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004) (affirming dismissal of suit brought under ADEA for failure to exhaust administrative remedies).

The timing of the filing a civil action is limited by regulations. Pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.408, a complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408. If the complainant appeals to the EEOC, he must file a civil action within 90 days of receiving the EEOC's decision. 29 C.F.R. § 1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). A complainant also may file a civil action at any time after his complaint has been pending before the agency or the EEOC for at least 180 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

In this case, although plaintiff has certainly "filed administrative charges repeatedly and has placed the Agency and the Equal Employment Opportunity Commission on notice of his claims of discriminatory conduct" (Complaint, ¶ 11), he fails to show that he filed a timely

5

administrative charge concerning either the Notice of Intent to Remove or his supposed replacement by younger employees which are the exclusive subjects of his Compliant. Despite attaching several items to the Complaint as exhibits, plaintiff does not include a notice directed to the EEOC concerning the Notice of Intent to Remove or his supposed replacement. In fact, these charges are the subject of the currently-pending administrative charge in Agency No. NTSB-2006-08. See Guest Dec. ¶¶ 18(c) and (e).

      Plaintiff may not maintain this action on the theory that the NTSB might follow through with a removal because if and when he is removed from employment, he will be required to exhaust his administrative remedies at that point. To the extent that filing this action was intended to reserve his place in Court for the day when his claims might ripen into properly actionable and exhausted claims, the law does not allow that. See Thompson v. West, 883 F.Supp. 1502, 1509 (M.D.Ala.1995) (dismissing plaintiff's claims that were the subject of an administrative complaint filed 176 days before filing federal suit and noting that "plaintiff's failure to exhaust her administrative remedies and comply with the requirement to wait 180 days before filing suit *could not be cured* by allowing the plaintiff to return to the administrative process") (emphasis added); see also Martini v. Federal National Mortagage Ass'n, 178 F.3d 1336, 1339-40 (D.C. Cir. 1999) (invalidating EEOC's practice of issuing right to sue letters prior to the expiration of 180 days after a detailed analysis of the statute, the regulations, and the legislative history).[2]

---

[2] Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it in the first instance. Brown v. Marsh, 777 F.2d at 13. Once the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense. Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Jarrell v. United States Postal Serv., 753 F.2d

To allow plaintiff to have filed a premature civil action while his claims were investigated and addressed substantively by the agency would turn the administrative exhaustion requirements on their head and create an incentive for people to try to reserve their space in this Court. The Supreme Court has soundly rejected similar tactics employed by tort claimants who are similarly required to exhaust administrative remedies before seeking judicial relief. McNeil v. United States, 508 U.S. 106 (1993) (where administrative tort claim is not presented before commencing suit in court, suit must be dismissed even if claim is subsequently presented). In the employment context, no different rule could be applied without substantially undermining the intent of the administrative process which includes an opportunity for resolution between the parties.

Moreover, although plaintiff does not allege a date on which he was supposedly replaced by younger employees, it is clear that he received the Notice of Proposed Removal in June, 2005 but waited until January 2006 to file an administrative complaint. See Guest Dec. ¶¶ 15, 18(e). That interval is too long to exhaust under either available alternative because plaintiff waited more than 180 days to act. As the U.S. Supreme Court reiterated in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). Because it is well settled that failure to file suit within the deadlines requires dismissal, National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Irwin v. Department of Veterans Affairs, 498 U.S.

---

1088, 1091-92 (D.C. Cir. 1985); cf. 29 C.F.R. § 1613.214(a)(4) (1991) (recodified as amended at 29 C.F.R. § 1614.204(c)).

89, 94 (1990); Brown v. GSA, 425 U.S. 820, 835 (1976), this case should be dismissed as presently incarnated for failure to state a claim.[3]

## II.   The Subjects of the Complaint Fail to Establish A Prima Facie Case Of Discrimination Or Retaliation.

In addressing a disparate treatment claim under the ADEA, the Supreme Court has noted that "Congress' promulgation of the ADEA was prompted by its concern that older workers were being deprived employment on the basis of inaccurate and stigmatizing stereotypes."  See Hazen Paper Company v. Biggens, 507 U.S. 604, 610 (1993).  To establish a prima facie case of age discrimination under the ADEA, a plaintiff "must demonstrate facts sufficient to create a reasonable inference that age discrimination was a 'determining factor' in the employment decision."  See Hayman v. National Academy of Sciences, 23 F.3d 535, 537 (D.C. Cir. 1994) (citation omitted).  A plaintiff can create such an inference by showing that: (1) he is a member of the statutorily protected age group (over age forty); (2) he was subjected to an adverse employment action (such as non-promotion); and (3) there exists some causal connection

---

[3] Although it appears that plaintiff could have timely sued on the matters raised in one or more of the administrative matters associated with the items attached to the Complaint, none of them is mentioned anywhere in the body of the Complaint.  Defendant assumes that these attachments were included merely to establish plaintiff's prior EEO activity, and accordingly, defendant's motion to dismiss or for summary judgment should be granted for the reasons stated herein.  If, on the other hand, plaintiff intends something different, the Complaint is insufficient because it fails to plainly state any claims other than those addressed in the instant motion.  See Fed. R. Civ. P. 8; see Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 879 (M.D. Fla. 1996) (civil rights complaints must be more than conclusory and must allege generally the policies or practices of defendants to permit an informed response); Perkins v. Silverstein, 939 F.2d 463, 467 (7th Cir. 1991) (dismissal proper where complaint contained only conclusory allegations about conspiracy, discrimination, and harassment without identification of specific incidents).  Despite the generous reading that must be afforded to the plaintiff's Complaint in light of his pro se status, Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam), the Complaint itself notably omits any mention of the attachments.

between the adverse action and plaintiff's age.  See Desert Palace, Inc. v. Costa, 123 S. Ct. 2148 (2003); Stella v. Mineta, 284 F.3d 135, 144-46 (D.C. Cir. 2002) (although plaintiffs need not show that a person from outside of their protected class was favored, some evidence is required of a connection between the plaintiffs' status and the allegedly discriminatory action).

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) he was subjected to an adverse personnel action subsequent to, or contemporaneously with, such protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action.  See Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002); Jones v. Washington Metropolitan Area Transit Authority, 205 F.3d 428, 433 (D.C. Cir. 2000).  Although there is no doubt that plaintiff has engaged in protected activity, his claim fails because he has not been subjected to an adverse action within the meaning of the law.

Under this Circuit's ruling in Brown v. Brody, 199 F.3d at 456, a tangible or adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."  Id.  The plaintiff must show objectively tangible harm.  Id, at 457; see also Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002).  Indeed, "[a]n 'employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage.'"  Id. (quoting Walker v. WMATA, 102 F.Supp.2d 24, 29 (D.D.C. 2000); see also Colbert v. Chao, 2001 WL 710114 (D.D.C. 2001) (stating that in the absence of a materially adverse action that undermines her ability to perform her job satisfactorily or threatens her

9

prospects of future employment, an allegation of lost status, respect, or prestige does not constitute an allegation of an adverse employment action).  A plaintiff's complaints regarding his supervisor's evaluation, criticism, supervision, and assignment of work may not serve as the basis for a discrimination or a retaliation claim.  See Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1557 (D.C. Cir.1997) ("changes in assignments and work-related duties do not ordinarily constitute adverse employment decisions if unaccompanied by a decrease in salary or work hour changes"); but see Holcomb v. Powell, No. 05-5126, 2006 WL 45853 (D.C. Cir. Jan. 10, 2006) ("extraordinary circumstances" of being "assigned duties not only far below her grade level but below the level at which she had entered federal employment ten years earlier" and being "mired in this professional purgatory for over two years" could constitute a materially adverse employment action).

That plaintiff may be less than fully satisfied with whatever changes in his duties cause him to describe himself as having been "replaced" is an insufficient basis for a claim because "[n]ot everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996).  Purely subjective injuries, such as dissatisfaction with reassignment or unhappiness over assigned duties are not adverse actions. See Forkkio v. Powell, 306 F.2d 1127, 1130-31 (D.C. Cir. 2002) (a change in work duties that involves no loss of supervisory responsibilities but results in the plaintiff no longer attending management meetings or receiving management-related emails and other communications did not amount to a "significant change" in job responsibilities). Plaintiff's vague allegation about being "replaced" falls squarely into that category.

Likewise, plaintiff's receipt of a Notice of Proposed Removal is neither a final action nor adverse. Notably, the Complaint fails to describe any action taken pursuant to the Notice. Such preliminary steps do not rise to the level of adverse actions precisely because they fail to alter an employee's pay, benefits, or conditions of employment. Under Brown v. Brody, Plaintiff has failed to demonstrate that she suffered "materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." 199 F.3d at 457. "An employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage." Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002). See also Russell v. Principi, 257 F.3d 815, 818 (D.C. Cir. 2001) ("not everything that makes an employee unhappy is an actionable adverse action..."). Accordingly, Plaintiff cannot establish a *prima facie* case of discrimination or retaliation based on the issuance of a Notice of Proposed Removal.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court grant dismiss this case or enter judgment in his favor.

Dated: May 17, 2006.

          Respectfully submitted,

          _____
          KENNETH L. WAINSTEIN, D.C. Bar #451058
          United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

12

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on this 17th day of May, 2006, a true and correct copy of the foregoing **Defendant's Motion to Dismiss or For Summary Judgment** was served upon **pro se plaintiff** by first class United States mail, postage prepaid marked for delivery to:

**RICHARD L. MILLER**
1515 Arlington Ridge Road
#340
Arlington, Virginia 22202


/s/_____
JANE M. LYONS  D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161