**U.S. DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Richard Miller, | ] | |
| | ] | |
| Plaintiff, | ] | **Case No.** 1:05-cv-02478-GK |
| | ] | |
| vs. | ] | |
| | ] | |
| MARK V. ROSENKER, Acting Chair | ] | |
| NATIONAL TRANSPORTATION | ] | |
| SAFETY BOARD, | ] | |
| | ] | |
| Defendant. | ] | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff agrees that the claims that Defendant moves to dismiss are moot or premature. Due to the pro se nature of the Complaint, it was inartfully worded. Nevertheless, claims remain which are material and are the subject of the Amended Complaint, filed contemporaneously herewith. Since none of the specific claims in the Amended Complaint were explicitly raised in the initial Complaint, none of them are subject to the instant Motion to Dismiss or for Summary Judgment and, accordingly, Plaintiff does not address any of those matters herein, since the Motion is premature regarding those claims.[1]

Plaintiff raised two types of issues in his initial Complaint, one of which are addressed in this Response and one of which is addressed by the filing of the Amended Complaint. First, we address Premature and/or Moot Matters. Second, we address the material matters contained in the Amended Complaint.

---

[1] Plaintiff anticipates that Defendant may file another Motion to Dismiss based upon the Amended Complaint, and will respond accordingly.

1.     **Premature / Moot Matters**

      a.    <u>Proposal to Remove</u>

Plaintiff Richard Miller was employed by the National Transportation Safety Board ("NTSB") as a Financial Management Specialist. Complaint, until his recent Removal from his position and from the Federal Service.

In September 2005, the Agency issued Plaintiff a Notice of Intent to Remove him from the federal service and his position.  This claim was premature and is withdrawn from this Complaint.  Complainant was removed from his position on June 30, 2006.  This is the subject of an Appeal that is being filed with the Merit Systems Protection Board (MSPB).  Accordingly, since Plaintiff could not appeal a Notice of Proposed Removal and is appealing his Removal in another forum, this matter was premature and is withdrawn without prejudice.

      b.    <u>Replacement with Younger Employees and All Other Matters</u>
                 <u>Raised in January 21, 2006 EEO Complaint</u>

Plaintiff also alleged that Defendant "replaced Plaintiff with two much younger employees." This claim was raised in an EEO Complaint filed on January 21, 2006 and is therefore premature, as Plaintiff has not yet fully exhausted his administrative remedies with regard to this claim.  Under 29 CFR 1614.407, Plaintiff can only file a Complaint in this Court after the EEO Complaint has been pending without resolution for at least 180 days:

**1614.407 Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.**

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

…

> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and **final action has not been taken**.

Accordingly, all matters contained in the January 21, 2006 Complaint are premature and are not at issue in this Complaint, and are hereby withdrawn without prejudice.

   c. <u>Misstatement of Dates in Motion to Dismiss</u>

We note that the dates in Defendant's Motion to Dismiss are incorrect.  Defendant claims that the Notice of Proposed Removal was received by Plaintiff in "June, 2005." (Motion at 7).  In fact, Plaintiff received a Performance Improvement Plan ("PIP") in June 2005 but was not issued a Notice of Proposed Removal until September 2005. Both the Removal and correctness of the PIP are being contested at the MSPB, as set forth above, and are not relevant at this time before this Court.

   d. <u>Mootness of Motion to Dismiss</u>

Since the Motion to Dismiss or for Summary Judgment addressed only those matters listed above (but for footnote 3 at p. 8, addressed below), and Plaintiff agrees that those matters are premature, the Defendant's Motion is therefore moot.

2.      **Matters Contained in the Amended Complaint.**

In his Motion at p. 8, note 3, Defendant states:

> Although it appears that plaintiff could have timely sued on the matters raised in
> one or more of the administrative matters associated with the items attached to
> the Complaint, none of them is mentioned anywhere in the body of the
> Complaint. Defendant assumes that these attachments were included merely to
> establish plaintiff's prior EEO activity, and accordingly, defendant's motion to
> dismiss or for summary judgment should be granted for the reasons stated
> herein. If, on the other hand, plaintiff intends something different, the Complaint
> is insufficient because it fails to plainly state any claims other than those
> addressed in the instant motion. Despite the generous reading that must be
> afforded to the plaintiff's Complaint in light of his pro se status, the Complaint
> itself notably omits any mention of the attachments.

(citations omitted).

Defendant clearly observed that Plaintiff did indeed attach to his initial Complaint the

Decision issued by the Equal Employment Opportunity Office of Federal Operations

(EEOC OFO).  Defendant is also in possession of the entire administrative file for that

Complaint.  See, **Declaration of Fara D. Guest, Exhibit 1** to Motion to Dismiss.

In that Complaint (Agency No. 100-A0-2011; EEOC Hearing No. 100-2003-0789X;

EEOC OFO Appeal No. 01A44745), Plaintiff raised at least ten (10) specific allegations,

and clearly exhausted his administrative remedies.  He unfortunately failed to phrased

those allegations explicitly in his Initial Complaint.  He, however, did reference those

allegations in the initial Complaint.  For instance, he alleges in the Complaint at ¶ 7 that:

> "In January 2002, however, he filed an administrative complaint alleging age
> discriminatory practices against him by the Defendant Agency.  Subsequently
> Defendant Agency has taken a series of retaliatory actions against him."

4

Similarly, Plaintiff alleges in the Complaint at ¶ 11 that:

> "Plaintiff has filed administrative charges repeatedly and has placed the Agency
> and the Equal Employment Opportunity Commission on notice of his claims of
> discriminatory conduct.  Plaintiff has taken the Administrative steps prerequisite
> to filing suit."

Indeed, after mentioning the administratively filed and exhausted Complaint(s), Plaintiff

then attached the EEOC OFO Decision on the January 2002 EEO Complaint, clearly

expressing his intent to file this Complaint over all matters contained therein.

Accordingly, Plaintiff now files an Amended Complaint which includes all relevant

matters raised in the January 2002 EEO Complaint.  Although none of those matters

were explicitly raised in the initial Complaint, but were referenced therein and were the

subject of the OFO Decision which was attached thereto, Defendant had specific

knowledge of all of those matters but declined to address them in his Motion to Dismiss.

 The Motion to Dismiss is, therefore, premature regarding all of the claims raised in the

Amended Complaint.

Plaintiff does not dispute Defendant's right to file an additional Motion to Dismiss on his

Amended Complaint, but notes that Defendant is not prejudiced by the filing of the

Amended Complaint.  Plaintiff proffers that the Motion to Dismiss is premature in

relation to all matters raised in the Amended Complaint, filed contemporaneously

herewith, which were not explicitly addressed in the initial Complaint, other than set

forth herein.

**Conclusion**

Therefore, Plaintiff requests that Defendant's Motion to Dismiss or for Summary

Judgment be dismissed as being moot and/or premature, and that Plaintiff's Amended

Complaint be accepted, as previously agreed.

Respectfully Submitted,

_____/s/_____
Michael J. Snider, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
410-653-9060 voice
410-653-9061 fax

6