UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| **RICHARD MILLER** )<br>)<br>     **Plaintiff,** )<br>)<br>     v. )<br>)<br>**MARK V. ROSENKER,** )<br>**Acting Chairman,** )<br>**NATIONAL TRANSPORTATION** )<br>**SAFETY BOARD** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 05-2478 (GK) |

### Amended Complaint[1]

Plaintiff, Richard Miller, by and through his undersigned attorneys, brings this action against the above named Defendants, and any of its executives, employees, officers, agents and/or successors in support, and states, alleges, and avers as follows:

### JURISDICTION

1. This is an action alleging that Plaintiff Richard L. Miller was discriminated against in the course of his employment in violation of his rights under Title VII of the Civil Rights Act of 1964 (hereafter "Title VII") and the Age Discrimination in Employment Act (hereafter "ADEA"). This Court has jurisdiction over his Title VII claims pursuant to 42 U.S.C. §2000e-5(f)(3), and over his age discrimination claims pursuant to 29 U.S.C. §633 c).

---

[1] Plaintiff withdraws from his Amended Complaint all allegations that were premature, as described in his Opposition to Defendant's Motion to Dismiss or for Summary Judgment, filed on July 21, 2006.

## VENUE

2. Plaintiff worked in, and all acts and omissions occurred or failed to occur in, the District of Columbia. Accordingly, venue, pursuant to, *inter alia*, 2000e-5(f), lies within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) on December 17, 2002. Plaintiff's formal complaint was revised and re-submitted to the EEOC on March 30, 2003, In his revised formal complaint, the Plaintiff alleged that he had been subjected to a continuous pattern of reprisal for his participation in previous EEO activity in January 2002. In addition, April 17, 2003 and on May 6, 2003, Plaintiff submitted written requests to amend his complaint to include like or related claims of retaliation.

4. Plaintiff's claim proceeded through the Administrative Judge and EEOC Office of Federal Operations ("OFO") levels and a timely Complaint was filed in this Court attaching the EEOC OFO Decision.

5. Plaintiff has exhausted all required administrative procedures and remedies.

## PARTIES

6. Plaintiff Richard L. Miller (hereafter "Plaintiff" or "Miller") is an adult male. He was born in 1949.

7. Plaintiff was at all times relevant to this Complaint, an employee of the National Safety Transportation Board where he has been employed since June 1999. For most of that time, he was in the office of the Chief Financial Officer as a Financial Management Specialist, GS-14.

8. Plaintiff was at all times relevant to this Complaint, an "employee" within the meaning of 42 U.S.C. §2000e(f) (Title VII.) and 29 U.S.C. §630(f) (ADEA).

9. Defendant National Transportation Safety Board (hereafter "Defendant" or "NTSB") is an independent agency of the United States. It is capable of suing and being sued.

10. The Defendant is and was, at all times relevant to this Complaint, an "employer" within the meaning of 42 U.S.C. §2000e(b) (Title VII) and 29 U.S.C. §633a(a) (ADEA)

## FACTS COMMON TO ALL COUNTS

11. Plaintiff was continuously denied training opportunities in the SES candidate development program and/or other similar administrative training opportunities.

12. Plaintiff was removed from the CFO Management Team in August 2002, which severely damaged his chances of promotion to a higher grade.

13. On May 30, 2002, Plaintiff received a rating of "Excellent" instead of the "Outstanding" rating that he deserved.

14. The Agency delayed giving the Plaintiff a position description. He inquired about the status of his PD during the last week in January, 2002 upon hearing in a staff that the CFO PDs were sent to HR in December 2001, but Plaintiff did not receive his PD until April 22, 2002 and when it was finally provided it was inaccurate and

3

      did not include several of the duties that he was performing. Plaintiff was only given three days (until April 25, 2002 to review the PD.

15. Plaintiff was reassigned to report to the Deputy Director instead of the Chief Financial Officer.

16. Plaintiff's performance standards included absolute requirements and time constraints, and some of his weighted elements were changed shortly before the rating period, whereas other (female and/or younger) employees were not subjected to such deadlines or alterations. This occurred after Plaintiff's protected activity.

17. Plaintiff was assigned low level menial assignments after complaining about discrimination.

18. Plaintiff was not promoted to a GS-15 because several of his duties were erroneously attributed to another employee, whose position was then upgraded to a GS-15 instead of the Plaintiff's.

19. The Agency created new positions in order upgrade other employees to a GS-15, and failed to create opportunities for the Plaintiff to receive a promotion, despite his experience and abilities having made him better qualified than those who were selected.

20. Plaintiff was not informed of, and was denied, the opportunity to participate in several training classes that were held for the new financial management system, the Federal Financial System (FFS), whereas all other employees in the CFO office were informed of and provided this training. Additionally, the Plaintiff did

not receive copies of notebooks called Flashpoint or the User Guide for FFS that were provided for other employees.

21. Plaintiff was denied the opportunity to participate in the planning of the Agency's new accounting system. As a result of this exclusion, he did not receive the plaque and higher cash award that everyone who participated received.

22. The Plaintiff was denied a laptop, whereas other employees, who were on the waiting list for a laptop after the Plaintiff, received one before him.

23. The Plaintiff was verbally and physically harassed by another employee, Dave Burgman, whose aggressive behavior, particularly in July 2002 and January 2003.

24. The Plaintiff was excluded from an agency-wide Financial Integrity Meeting for office directors. Several other CFO employees were informed of it and attended.

25. The Agency took an unreasonably long period of time to consider providing an Alternative Work Day for the Plaintiff and he was the only employee not notified of and provided with the choice of working at home.

26. All of the above allegations were raised in Plaintiff's EEO Complaint (Attachment 1).

27. Many other discriminatory and/or retaliatory events occurred to the Plaintiff, all of which were raised in the EEO process and are incorporated herein by reference (**Attachment 1**).

28. Plaintiff reworked his EEO Complaint on March 20, 2003 (**Attachment 2**).

29. Plaintiff amended his EEO Complaint at least two times, one by email (**Attachment 3**).

30. These allegations were accepted by the Agency as part of Plaintiff's EEO Complaint, for investigation (**Attachment 4**).

## COUNT 1: GENDER AND AGE DISCRIMINATION

31. On several occasions, the Agency, discriminatorily, created new positions for or promoted, female employees and younger employees instead of the Plaintiff, despite his superior qualifications and more extensive experience.  For example, the agency created a new position at the NTSB Training Academy in order to favor and reassign a female employee who had filed an EEO complaint, while his complaints were ignored and he never received a promotion irrespective of his stronger credentials.

32. Several of the Plaintiff's duties were erroneously accredited to a younger employee, David Burgman, and as a result he was promoted instead of the Plaintiff.

33. Plaintiff was denied training and professional development opportunities on several occasions as an act of discrimination and/or retaliation on the part of the Agency.

34. The other events that occurred, described above, which involved female employees as comparators constituted gender discrimination.

35. The other events that occurred, described above, which involved other employees below age 40, or substantially younger employees than Plaintiff, as comparators, constituted age discrimination.

36. Plaintiff was harmed as a result of the Agency's discrimination against him.

**COUNT 2:   RETALIATION FOR PROTECTED EEO ACTIVITY**

37. Subsequent to Plaintiff complaining about discrimination, and subsequent to Plaintiff's filing of an EEO complaint – which was protected activity – the Agency retaliated against the Plaintiff, as described above.

38. There was a nexus between the actions the Agency took against the Plaintiff and his protected activity.

39. Plaintiff was harmed as a result of the Agency's retaliation against him.

**Wherefore, Plaintiff prays he be awarded the following relief:**

a) A declaratory judgment that the conduct engaged in by the Defendant was a violation of Plaintiff's legal rights.

b) An order directing Defendant to pay an award of back pay and fringe benefits with interest and our front salary and benefits with interest to the Plaintiff

c) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) damages up to the maximum permitted by the statute in an amount to be determined at trial.

d) An order awarding liquidated damages.

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation, and

f) Such other and further relief as the Court may deem just

**Demand for Jury Trial:**

Plaintiff requests a trial by jury on all facts and any combinations of fact and law in this case.

Respectfully Submitted,

_____/s/_____
Michael J. Snider, Esq.
Snider & Associates, LLC
Attorney for the Plaintiff
104 Church Lane, Suite 201
Baltimore, MD 21208
Phone: 410-653-9060
Fax: 410-653-9061