UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER,          ) | |
| )          Plaintiff,      ) | |
| v.                        ) | Civil Action No. 05-2478 (GK) |
| )                          | Electronic Case Filing |
| MARK V. ROSENKER, Chairman ) | |
| NATIONAL TRANSPORTATION   ) | |
| SAFETY BOARD              ) | |
| )                          | |
| Defendant.    ) | |

**DEFENDANT'S SECOND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant Mark V. Rosenker, Acting Chairman of the National Transportation Safety Board, by and through his undersigned counsel, respectfully moves the Court to dismiss the Amended Complaint in its entirety under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In the alternative, and with respect to any possible remaining claims, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law. In short, the Amended Complaint filed by plaintiff's counsel contains claims relating exclusively to one of plaintiff's administrative complaints, and he is out of time to file a civil action in this Court. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum in Support of Motion to Dismiss or For Summary Judgment and the Declaration of Fara D. Guest, the Equal Employment Opportunity (EEO) Director/ Diversity Program Manager at the National Transportation Safety Board. Ms. Guest's Declaration was originally filed with defendant's

initial dispositive motion and a copy is attached for the Court's ease of reference. A proposed order is also attached.

Dated: August 23, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

 /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
**RICHARD MILLER,**             )
                                )
       **Plaintiff,**     )
                                )
    v.                        )   Civil Action No. 05-2478 (GK)
                                )   Electronic Case Filing
**MARK V. ROSENKER, Chairman**  )
**NATIONAL TRANSPORTATION**     )
**SAFETY BOARD**                )
                                )
       **Defendant.**     )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF SECOND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

After defendant moved to dismiss or for summary judgment on the claims raised in the initial complaint in this action, plaintiff retained counsel and that counsel filed an amended complaint. See Docket Entry No. 15. Plaintiff Richard Miller, who is a former employee of the National Transportation Safety Board ("NTSB"), brings this case alleging that he was the victim of discrimination based on his gender and age, as well as retaliation connected with his prior protected EEO activity. However, as was demonstrated by the Declaration of Fara Guest filed in support of defendant's initial motion, plaintiff may not proceed in this case because he is out of time to seek judicial review for the allegations contained in the administrative claim on which this case is founded. See Amended Complaint, ¶¶ 3-5.

### BACKGROUND

Plaintiff was employed by the NTSB in the Office of the Chief Financial Officer from June, 1999 until June 30, 2006. Throughout his employment, plaintiff was over the age of forty.

Amended Complaint, ¶ 6. This case does not concern plaintiff's involuntary separation from the NTSB's employment for unacceptable performance.

The Amended Complaint focuses exclusively on only one of at least four separate formal administrative complaints of discrimination plaintiff has filed. See Amended Complaint, ¶¶ 3-5. That administrative complaint was filed on December 17, 2002.[1] As noted in the attached Declaration of Fara D. Guest ("Guest Dec."), that complaint was assigned Agency No. 300-AO-2020. Guest Dec. ¶ 8. After plaintiff amended his administrative complaint on March 30, April 17, and May 6, 2003, the NTSB accepted ten claims of retaliation. Id. ¶ 9. On December 20, 2004, an EEOC Administrative Judge dismissed nine of those ten claims and, on February 8, 2005, an EEOC Administrative Judge granted the Agency's motion for summary judgment on the tenth. Id. ¶¶ 10-11. Plaintiff filed a Notice of Appeal which was postmarked on April 23, 2005, and the EEOC's Office of Federal Operations ("OFO") dismissed the appeal as untimely on October 12, 2005. Id. & Exh. B.

There is no dispute that plaintiff had previously engaged in EEO activity. See id. ¶ 4. However, plaintiff may not raise any claims here associated with the formal administrative complaint of discrimination he filed with the Agency on December 17, 2002.

---

[1] Although the Amended Complaint alleges that plaintiff filed this formal complaint with the EEOC, the formal complaint attached as Exhibit 1 to the Amended Complaint confirms that it was actually filed with the NTSB. See Guest Dec. ¶ 8. The document itself contains the NTSB's emblem and the formal complaint is part of NTSB Form 2000-A. The formal complaint attached to the Amended Complaint is the best evidence of its contents.

**STANDARDS OF REVIEW**

**I.      Motion to Dismiss (Fed.R.Civ.P. 12(b)(1) and 12(b)(6))**

Defendant moves for dismissal under Rule 12(b)(6) as Plaintiff fails to state any claim upon which relief can be granted. A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the Court need not accept inferences that are not supported by such facts, nor must the Court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.     Summary Judgment (Fed.R.Civ.P. 56)**

If matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56. Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to

the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50 (citations omitted). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Moreover, Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see Fed. R. Civ. P. 1.

4

**ARGUMENT**

I.   **This Action is Barred By Plaintiff's Untimely Exhaustion of his Administrative Remedies**

To preserve a claim of unlawful discrimination in connection with employment, federal employees are required to exhaust their administrative remedies through procedures contained in federal regulations.  It is well settled that failure to follow the procedures requires dismissal because the time limits, which serve as the basis for the limited waiver of sovereign immunity in section 2000e-16(c), must be strictly construed.  Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990).  In fact, courts have strictly enforced the time deadlines throughout the complaint process under Title VII.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience").

Federal employees may file a civil action under Title VII concerning employment discrimination only after exhausting their administrative remedies before the concerned Federal agency for each discrete alleged discriminatory act.  42 U.S.C. § 2000e-16(c); National Passenger R.R. Corp. v. Morgan, 536 U.S. 101 (2002).  Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity).

Under the ADEA, a federal employee who believes that he has been the victim of age discrimination has available two alternative avenues of relief. See Stevens v. Dep't of Treasury, 500 U.S. 1 (1990). First, the employee may pursue an administrative remedy and then, if unsatisfied, he may bring a civil action. Under this option, as with other kinds of discrimination and retaliation claims, the employee must raise the matter within 45 days of the alleged unlawful action, i.e., the plaintiff must bring the complaint to the attention of an EEO counselor. See 29 C.F.R. § 1614.105. Alternatively, the aggrieved employee may seek a remedy in federal district court in the first instance, provided (i) that the employee gives the Equal Employment Opportunity Commission ("EEOC") not less than 30 days' notice of intent to file such a civil action and (ii) that such notice is filed within 180 days after the alleged unlawful act occurred. 29 U.S.C. § 633a(c); see also Thorne v. Cavazos, 744 F. Supp. 348, 350 (D.D.C. 1990). Proper exhaustion by one method or the other is required. Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004) (affirming dismissal of suit brought under ADEA for failure to exhaust administrative remedies).

In this case, the Amended Complaint identifies as the exclusive basis for exhausting the claims raised in this action the formal administrative complaint filed on December 17, 2002. Amended Complaint, ¶ 3. After plaintiff amended the administrative complaint on March 30, April 17, and May 6, 2003, the NTSB accepted ten claims of retaliation. Guest Dec. ¶ 9. On December 20, 2004, an EEOC Administrative Judge dismissed nine of those ten claims and, on February 8, 2005, an EEOC Administrative Judge granted the Agency's motion for summary judgment on the tenth. Id. ¶¶ 10-11. The Agency implemented the EEOC Administrative Judge's decision in a Final Agency Action dated March 16, 2005. Id. & Exh. B; see also Exhibit

6

2. Plaintiff filed a Notice of Appeal which was postmarked on April 23, 2005, and the EEOC's Office of Federal Operations ("OFO") dismissed the appeal as untimely on October 12, 2005. See Guest Dec., Exh. B. Having failed to file a timely appeal at the EEOC, plaintiff cannot proceed on this administrative complaint.

The timing of the filing a civil action is strictly limited by regulations. Pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407, a complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a).[2] If the complainant appeals to the EEOC, he must also file a civil action within 90 days after receiving the EEOC's decision. 29 C.F.R. § 1614.407(c); see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). Although a complainant may file a civil action at any time after his complaint has been pending before the agency or the EEOC for at least 180 days, these periods do not apply here because the agency and the EEOC both took final actions prior to plaintiff filing this case on December 28, 2005. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(b), (d); Docket Entry No. 1.[3]

---

[2] Specifically, 29 C.F.R. § 1614.407(d) restricts an employee's right to bring a civil action to four defined periods:
  (1) within 90 days after receipt of the agency's final action (if no appeal is filed);
  (2) 180 days after the filing of an individual complaint of discrimination with the agency if an appeal has not been taken and the agency has not taken final action;
  (3) within 90 days after receipt of the EEOC's final decision on an appeal; or
  (4) 180 days after filing an appeal with the EEOC if the EEOC fails to issue a final decision.

[3] Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it in the first instance. Brown v. Marsh, 777 F.2d at 13. Once the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense. Bayer v. United States Dep't of

7

Here, the agency issued the Final Agency Decision on March 16, 2005. See Exhibit 2. The applicable regulations required plaintiff, if he elected to take an appeal to the Equal Employment Opportunity Commission, to file it within 30 days. 29 C.F.R. § 1614.402(a). Plaintiff's appeal of the Final Agency Decision was postmarked April 23, 2005, thirty eight days after the agency's final action. Accordingly, plaintiff's appeal was untimely.

Plaintiff's untimely appeal to the EEOC from the NTSB's Final Agency Decision constitutes failure to exhaust his administrative remedies and bars his claim. In fact, courts have strictly enforced the time deadlines throughout the complaint process under Title VII. Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience"); Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S. 915 (1998); see also Smith v. Henderson, 137 F.Supp.2d 313, 316 (S.D.N.Y. 2001) (failure to comply with the time provisions of 29 C.F.R. § 1614.407 warrants dismissal of the case). Accordingly, because the Guest Declaration demonstrates plainly that plaintiff failed to make a timely appeal from the Final Agency Decision, this action is barred and should be dismissed for failure to exhaust administrative remedies properly.

## II.     Plaintiff Fails to Allege Any Exhaustion of the Gender and Age Claims

Beyond the failure to exhaust administrative remedies properly, Count 1 of the Amended Complaint is subject to dismissal for a different kind of failure to exhaust. Plaintiff's formal

---

Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091-92 (D.C. Cir. 1985); cf. 29 C.F.R. § 1613.214(a)(4) (1991) (recodified as amended at 29 C.F.R. § 1614.204(c)).

administrative complaint fails to allege any kind of gender or age discrimination. See Amended Complaint, ¶ 3 & Exhibit 1 (December 17, 2002 formal administrative complaint). Because gender and age discrimination are distinct from retaliation claims actually raised in the Amended Complaint filed in this Court, plaintiff has failed to allege that he has exhausted his administrative remedies over the claims contained in Count 1.

As emphasized by the D.C. Circuit, "the requirement of some specificity in a charge is not a 'mere technicality.'" Park v. Howard University, 71 F.3d 904, 908 (D.C. Cir. 1995), cert. denied, 117 S. Ct. 57 (1996) (quoting Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992)). The enforcement procedures of Title VII represent "a careful blend of administrative and judicial enforcement powers" in which the federal agency plays "a crucial administrative role . . . in the eradication of employment discrimination." Brown v. General Servs. Admin., 425 U.S. 820, 833 (1976). Exhaustion of administrative remedies is required "in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985). Accordingly, the administrative complaint must be sufficiently specific to allow the agency to perform its statutory duty. Park, 71 F.3d at 908. "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" Id. at 907 (quoting Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 n.325 (D.C. Cir. 1976)).

Consistent with these purposes, an employment discrimination lawsuit is "limited in scope to claims that are 'like or reasonably related to the allegations of the charge *and* growing out of such allegations.'" Park, 71 F.3d at 907 (quoting Chisholm v. U.S. Postal Service, 665

9

F.2d 482, 491 (4th Cir. 1981)) (emphasis added). Put another way, "claims within a Title VII suit must be such as could reasonably be expected to be encompassed within an administrative investigation if one did follow the charge." Id., n.1.

An allegation that Defendant discriminated against Plaintiff based on his gender and/or age could not reasonably be expected to be encompassed within the investigation of the only claims plaintiff raised at the administrative level – retaliation on account of having made a prior complaint alleging gender and age discrimination. The formal administrative complaint cannot have placed the agency on notice of these entirely separate claims. That plaintiff has previously engaged in protected activity concerning allegations of age and/or gender discrimination is irrelevant. As the Court elucidated in Park, "'[t]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge . . . would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship.'" Id. at 908 (quotation omitted). This is precisely what Plaintiff is attempting to do in the case at bar. He did not make the gender and/or age claim in the formal administrative process at issue here -- thereby depriving the NTSB of an opportunity to adjudicate, and possibly resolve, the claim -- and now seeks to make the claim for the first time in this Court. That is impermissible. Park, 71 F.3d at 907-08 (rasing administrative complaints of sex and national origin discrimination was insufficient to exhaust a claim for hostile work environment discrimination notwithstanding that all claims were encompassed within Title VII); Sisay v. Greyhound Lines, Inc., 34 F.Supp.2d 59, 63-64 (D.D.C. 1998) (finding a lack of proper exhaustion of a national origin discrimination claim where plaintiff only included a race

discrimination claim in his administrative complaint).[4]  Whether the plaintiff has in fact exhausted his administrative remedies depends on the "fit" between the administrative charges and the allegations in the judicial complaint.  Ong v. Cleland, 642 F.2d 316, 318 (9th Cir. 1981).  When the allegations in the judicial complaint "encompass any discrimination like or reasonably related to the allegations of [a timely administrative] charge," the court may consider the case.  Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973); see Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).  But where that fit is lacking, as when completely different types of claims are present, this principle should not be applied too liberally because that would allow plaintiffs to completely bypass the required administrative process.  DeMedina v. Reinhardt, 444 F. Supp. 573, 579 (D.D.C. 1978) (quoting Brown v. GSA, 425 U.S. 820, 833 (1976)).  Such is the case here.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court dismiss this case or enter judgment in his favor.

Dated: August 23, 2006.

                                              Respectfully submitted,

                                              _____
                                              KENNETH L. WAINSTEIN, D.C. Bar #451058
                                              United States Attorney

---

[4] Cf. Morgan, 536 U.S. at 105, 113 (requiring separate exhaustion of discrete claims for discrimination and retaliation); Jorge v. Rumsfeld, 404 F.3d 556, 564-65 (1st Cir. 2005) (holding that making an administrative claim of age discrimination failed to exhaust administrative remedies for a Title VII claim because "[t]he ADEA and Title VII cover separate and distinct subjects.") (citation omitted).

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161