UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD L. MILLER,<br><br>    Plaintiff<br><br>    v.<br><br>MARK V. ROSENKER,<br>Acting Chairman,<br>National Transportation<br>Safety Board,<br><br>    Defendant. | Civil Action No. 05-2478 (GK) |

DECLARATION OF FARA D. GUEST

I, FARA D. GUEST, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am the Equal Employment Opportunity (EEO) Director/Diversity Program Manager at the National Transportation Safety Board (NTSB; the agency) in Washington, D.C. I have worked in that position since March 2000.

2. Among my responsibilities is oversight of the EEO complaint process at the NTSB and issuance of final agency decisions in circumstances where an NTSB employee has filed an EEO complaint against the agency.

3. Richard L. Miller, an employee of the NTSB, has been engaged in the EEO process at the agency since January 2002.

4. On March 12, 2002, Mr. Miller filed a formal EEO complaint with the agency, alleging discrimination based on age and sex. That complaint is referenced as Agency No. 100-AO-2011; EEOC Hearing No. 100-2003-0789X; EEOC Appeal No. 01A44745.

5. The agency informed Mr. Miller on April 24, 2002, that his claim regarding distribution of office equipment was dismissed. The agency accepted for investigation his allegations of sex and age discrimination regarding non-selection for five positions; failure to receive a classified position description; and receipt of "Excellent" rather than "Outstanding" performance evaluation for rating period ending 5/31/01.

6. On February 18, 2004, the EEOC Administrative Judge dismissed the non-selection claims for untimely EEO contact; affirmed the agency's dismissal of the office equipment allegation; and dismissed the position description allegation as insufficient to render the employee aggrieved. On April 6, 2004, the Administrative Judge dismissed three non-

selection claims for untimely contact with the agency EEO office. On May 19, 2004, the Administrative Judge granted the agency's Motion for Summary Judgment on the only remaining claim: that the employee received a rating of "Excellent" rather than "Outstanding" on his performance evaluation for the rating period ending on May 30, 2001.

7. Mr. Miller filed a Notice of Appeal with the EEOC, Office of Federal Operations, dated July 7, 2004. The EEOC issued a decision on March 8, 2006, finding that the Administrative Judge's decisions were appropriate and that the employee failed to present evidence that any of the agency's actions were motivated by discriminatory animus toward his protected classes. (Decision enclosed as Exhibit A.)

8. Mr. Miller formally filed a second complaint on December 17, 2002, and amended the complaint on March 30, April 17, and May 6, 2003. The complaint is referenced as Agency No. 300-AO-2020; EEOC Hearing No. 100-2004-00685X; and EEOC Appeal No. 01A53819.

9. On May 27, 2003, I accepted 10 of Mr. Miller's reprisal claims. The claims were:

a. Your claim that you have been continuously denied training opportunities in the SES candidate development program. Your claim that you were also denied access to other required administrative training opportunities (i.e. Travel Manager and the Financial Management System).

b. Your claim that you were removed from the CFO Management Team in August 2002.

c. Your claim that on May 30, 2002, you received a rating of "Excellent" instead of an "Outstanding" rating.

d. Your claim that you received an inaccurate position description that does not accurately describe the duties that you have performed for the past two years. Your claim that your correct supervisor of record is not accurately reflected in official personnel documents (i.e. performance standards/position description). You also believe that as an act of reprisal you were reassigned to work for the

4

    Deputy Director in lieu of the Chief Financial Officer.

e. Your claim that some of your performance standards have unfair time constraints, as compared to other CFO employees. Your belief that some of the weighted elements were changed for the rating period that ends on May 31, 2003, in order to make it more difficult for you to get an outstanding appraisal. In addition, you claimed that some of the new lower level assignments were given to you as an act of reprisal.

f. Your claim that you have not been promoted to the GS-15 level as an act of reprisal. You claimed that some of your functions were reassigned to another employee (Dave Bergman) on paper only as an act of reprisal. You also believe that this was done in order to support the upgrade of Bergman's job to the GS-15 level. On May 6, 2003 you amended your reprisal

claim to include an additional allegation that the Managing Director recently created a GS-15 position to reassign a woman with political connections.

g. Your claim that everyone in the CFO's Office received a plaque and a higher cash award than you did for switching from an old to a new accounting system as an act of reprisal against you.

h. Your claim that you were denied the opportunity to participate in the planning for the new accounting system because of reprisal. Your claim that you were denied access to reports, guidance on office moves, access to laptops, participation in technical/administrative office meetings, electronic balancing (i.e. between Citibank and FMS) etc…

i. Your claim that the agency created a new position in the Training Academy to reassign an employee to a GS-14 level position (allegedly to resolve an EEO

        complaint) in order to commit an act of reprisal against you.

    j. Your claim that on at least two separate occasions a Manager (that does not supervise you) in the CFO's Office (Dave Bergman) verbally/physically harassed you.

10. On December 20, 2004, an EEOC Administrative Judge granted the agency's Motion to Dismiss 9 of 10 of the employee's reprisal claims (part of b, d, e, h, were addressed in Mr. Miller's first complaint; part of b, e, f, j were untimely; further, Mr. Miller was not an aggrieved employee regarding claims in a, b, c, d, e, f, h, i, and j. Only "g" remained).

11. The Administrative Judge granted the agency's Motion for Summary Judgment on February 8, 2005, on the sole remaining issue (employee's claim that, as an act of reprisal, everyone in the CFO's office received a plaque and a higher cash award than he did for switching from an old to a new accounting system).

12. Mr. Miller filed a Notice of Appeal, which the EEOC, Office of Federal Operations, dismissed

on October 12, 2005 as late-filed. (Decision enclosed as Exhibit B.)

13. Mr. Miller formally filed a third complaint, Agency No. NTSB-2005-07, on July 15, 2005, alleging reprisal. He listed 16 enumerated 1-3 word allegations, such as "03 Performance," "Position Duties," "Reassignment," etc., with no further information.

14. After asking the employee several times for more information and receiving none, I issued a Final Agency Decision on September 23, 2005, dismissing the case for failure to cooperate. (Enclosed as Exhibit C.) To date, the employee has not appealed to the EEOC.

15. Mr. Miller formally filed a fourth complaint on January 21, 2006, Agency No. NTSB-2006-08.

16. On February 13, 2006, the agency issued a Notice of Partial Acceptance of Discrimination Complaint. (Enclosed as Exhibit D without attachments.) The report of investigation is pending.

17. The following claims were accepted as part of Agency No. NTSB-2006-08:

   a. Whether Complainant was subjected to harassment based on sex (male), age (DOB: 03/24/49), and

retaliation when: (1) he was allegedly denied leave under the Family Medical Leave Act (FMLA) on an unspecified date; (2) Complainant's supervisor allegedly designated leave that Complainant had previously taken as FMLA leave but did not tell Complainant that he had done so until an unspecified later date; and, (3) Complainant's supervisor allegedly failed to provide Complainant with unspecified requested and unspecified required information regarding his rights under the FMLA.

b. Whether Complainant was discriminated against because of age when he was placed on a Performance Improvement Plan (PIP) on June 9, 2005.

c. Whether Complainant was discriminated against because of age and sex when the agency allegedly intentionally delayed action on Complainant's Voluntary Leave Transfer Program application until after January 3, 2006, thereby denying Complainant donations from potential donors who retired on January 3, 2006.

18. The following claims were dismissed as part of Agency No. NTSB-2006-08:

a. Whether Complainant was discriminated against because of sex (male), age (DOB: 03/24/49), mental/physical disability, and retaliation when the agency allegedly violated 20 CFR § 10.110 and 18 USC § 1922 by failing to forward Complainant's Notice of Occupational Disease and Claim for Compensation (Form CA-2) to the Office of Workers' Compensation Programs within 10 days of its receipt.

b. Whether Complainant was discriminated against because of sex (male), age (DOB: 03/24/49), mental/physical disability, and retaliation when the agency allegedly attempted to compel and induce him to take an offer to abolish his job by engaging in settlement negotiations with the Complainant with regard to his EEO complaint that also allegedly involved terms related to his proposed removal and his Workers' Compensation claims.

c. Whether Complainant was discriminated against because of age, retaliation, and subjected to harassment when the agency transferred responsibility for the agency's Purchase Card

    Program from the Office of the Chief Financial Office to the Office of Administration.

d. Whether Complainant was subjected to retaliation when the agency allegedly: (a) failed to include him in several unspecified meetings on a Department of Transportation Inspector General (DOT IG) audit that occurred on unspecified dates, and (b) failed to include him in the list of meetings the DOT IG provided.

e. Whether Complainant was discriminated against because of age (DOB: 03/24/49) and subjected to retaliation for participating in a DOT IG audit when the agency: (a) issued Complainant a Notice of Proposed Removal on September 12, 2005; (b) identified Mr. Donald Libera as the deciding official in his proposed removal; (c) allegedly intentionally delayed and failed to issue a decision to the proposal to remove him within 60 or 120 days; and, (d) failed to provide Complainant with information on why a decision has been delayed beyond these time periods.

f. Whether Complainant was discriminated against because of retaliation when the [EEO Director] allegedly provided the contract EEO counselor

assigned to counsel the instant complaint with the wrong date of initial contact (i.e., November 18, 2005) with [the EEO Director]. (Employee asserts that he initiated contact with EEO Office via letter that was delivered either by "hand or certified mail on November 16, 2005, rather than on November 18, 2005.")

g. Whether Complainant was discriminated against because of retaliation when the agency allegedly informed unnamed employees on unspecified dates that Complainant was "pushed out the door, pushed into the elevator" and by "not informing employees and outside people of the actual situation."

h. Whether Complainant was discriminated against because of age, mental/physical disability, and retaliation when the agency allegedly: (a) did not respond to Congress about unspecified matters; or (b), delayed in responding to Congress about unspecified matters on unspecified dates.

13

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2006.

_____

Fara D. Guest
EEO Director
National Transportation
Safety Board