Exhibit A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Richard L. Miller,
Complainant,

v.

Ellen Engleman Conners,
Chairman,
National Transportation Safety Board,
Agency.

Appeal No. 01A44745

Agency No. 100-AO-2011

Hearing No. 100-2003-0789X

## DECISION

Complainant timely initiated an appeal from the agency's final order concerning his equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final order.

The record reveals that complainant, a Financial Management Specialist, GS-14, assigned to the Office of the Chief Financial Officer, located in Washington, D.C., filed a formal EEO complaint on March 13, 2002, alleging that the agency discriminated against him on the bases of sex (male) and age (D.O.B: 03-24-1949) when:

    (1)     from April 6, 2000 to September 12, 2001, he was not selected for five different positions that were advertised on the following vacancy announcements:
          a. WA-TB-029
          b. WA01-010
          c. WA-TB-1-007
          d. WA-TB-1-055
          e. WA-TB-1-110

2                                        01A44745

(2)    he did not receive a classified position description that describes the duties of his
       current position;

(3)    in January 2002, he received a performance evaluation of "Excellent" rather than
       "Outstanding" for the rating period that ended May 30, 2001; and

(4)  he was denied use of office equipment, such as cell phone, laptop, *etc.*,

On April 24, 2002, the agency issued a partial dismissal. The agency accepted for investigation claims (1), (2), and (3). The agency dismissed claim (4) pursuant to 29 C.F.R. § 1614.107 (a)(2) on the grounds that the claim was not raised with an EEO Counselor and that it was not like or related to a matter for which complainant underwent EEO counseling.

At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ).

On February 18, 2004, the AJ issued an "Order Defining Claims to be Adjudicated" affirming the agency's procedural dismissal of claim (4). In this same order, the AJ also essentially dismissed claim (2) for failure to state a claim, finding that the absence of an accurate written position description, is insufficient to render complainant aggrieved. The AJ further dismissed complainant's non-selections under vacancy announcements: WA-TB-029; WA01-010; WA-TB-1-007; and WA-TB-1-055, for untimely EEO Counselor contact. *See* 29 C.F.R. § 1614.107(a)(2). Specifically, the AJ found that the above non-selections constitute discrete acts rather than a continuing violation, and that complainant had an obligation to raise each of these non-selections with an EEO Counselor within the 45-day time limit. The only non-selection that remained to be adjudicated was the Operations Manager position that was advertised under vacancy announcements WA-TB-1-110. The AJ requested supplemental information on this non-selection, specifically, the AJ wanted to know whether complainant timely raised this matter with an EEO counselor. Finally, the AJ specified claim (3) to be adjudicated.

On April 6, 2004, the AJ issued a "Order of Partial Dismissal." The AJ dismissed complainant's non-selection claim for the position of Operations Manager based on untimely EEO Counselor contact. Specifically, the AJ found that complainant was informed of his non-selection in October 2001, and that the deadline for contacting the EEO Counselor expired in December 2001. The AJ further found that complainant contacted an EEO counselor in January 2002.[1]

---

[1]Complainant alleged that he first contacted an EEO Counselor on January 2, 2002, and the agency stated that the contact was on January 14, 2002; however, the AJ determined that it is irrelevant because even assuming that complainant contacted the EEO Counselor as early as January 2, 2002, his contact did not meet the regulatory 45-day time limit.

The AJ issued a decision without a hearing on May 19, 2004, on the remaining claim: whether the agency discriminated against complainant on the bases of his sex (male) and age (D.O.B: 3/24/49) when in January 2002, complainant received a performance evaluation of "Excellent" rather than "Outstanding" for the rating period that ended May 30, 2001. The AJ concluded that complainant failed to establish a *prima facie* case of sex or age discrimination. Specifically, the AJ found that complainant failed to demonstrate that similarly situated employees, who were either female or significantly younger than complainant, received a higher performance appraisal rating than complainant. The AJ also found that complainant was the only non-supervisory, professional employee for whom complainant's supervisor (S1) prepared an evaluation during the 2000/2001 rating period. The agency's final order implemented the AJ's decision.

Complainant makes no new contentions on appeal, and the agency requests that we affirm its final order.

## ANALYSIS AND FINDINGS

### Procedural Dismissals

#### Claim 1

We address first, the untimeliness of complainant's claims of non-selection. The Supreme Court has held that discrete acts such as hiring, firing and promotions, that fall outside of the limitations period are not actionable and no recovery is available. *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002). Even if the discrete activity is arguably related to other discriminatory acts that occur within the filing period, they are not actionable if untimely raised. *Id. See also*, EEOC Compliance Manual 915.003 Section 2: Threshold Issues, Timeliness 2-IV (Issued May 12, 2000). However, as the court recognized, Title VII does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Morgan*, at 113.

Applying these principles, the Commission affirms the AJ's dismissal of claim (1) for untimely EEO contact. More specifically, complainant's claim of discrimination when he was not selected for several positions concerns discrete acts. Under our regulations, complainant must initiate EEO contact within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614. 105(a)(1). In this case, complainant initially made contact with an EEO counselor allegedly on January 2, 2002. The incidents that comprise each non-selection occurred between April 2000 through October 2001, when complainant became aware of his non-selection for the last position for which he applied. Therefore, we find that these allegations were properly dismissed by the AJ.

#### Claim (2)

We concur with the AJ's determination that complainant was not aggrieved when he did not receive a position description until April 22, 2002. We find no evidence in the record that complainant suffered a direct harm affecting a term, condition or privilege of employment for

01A44745

which there is a remedy. *See Diaz v. Department of the Air Force,* EEOC Request No. 05931049 (April 21, 1994). Moreover, the record reveals that the delay was caused by complainant's failure to cooperate in the process. Specifically, the record shows that the process started in October 2001, and that management went back and forth for months trying to get feedback from complainant as to the information to be included in his position description.

Claim 4

The regulation set forth at 29 C.F.R. § 1614. 107(a)(2) states, in pertinent part, that an agency shall dismiss a complaint which raises a matter that has not been brought to the attention of an EEO Counselor, and is not like or related to a matter on which the complainant has received counseling. A later claim is "like or related" to the original complaint if the later claim or complaint adds to or clarifies the original complaint and could reasonably been expected to grow out of the original complaint during the investigation. *See Scher v. United Postal Service,* EEOC Request No. 05940702 (May 30, 1995). We find no indication that complainant raised the denial of office equipment claim with an EEO Counselor prior to the filing of his formal complaint. Moreover, the denial of office equipment claim does not add to or clarify the issues raised with the EEO Counselor. Therefore, we agree with the AJ's decision affirming the agency's dismissal of claim (4).

Accordingly, we affirm the AJ's procedural dismissal of claims (1), (2), and (4).

**Decision Without a Hearing**

Claim 3

The Commission's review of a decision without a hearing is *de novo,* meaning that it is done without regard to the legal or factual conclusions of the previous decision maker. *EEOC Management Directive 110,* Chapter 9 (Section VI) (Revised 1999). The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact . 29 C.F.R. § 1614.109 (g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is only appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exist no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.,* 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, the issuance of a decision without a hearing

is not appropriate. In the context of an administrative proceeding, an AJ may properly consider issuing a decision without a hearing only upon a determination that the record has been adequately developed for summary disposition. *See Petty v. Department of Defense*, EEOC Appeal No. 01A24206 (July 11, 2003).

In general, claims alleging disparate treatment are examined under the tripartite analysis first enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A complainant must first establish a *prima facie* case of discrimination. He can do this by establishing that similarly situated individuals outside of his protected classes were treated more favorably than he was or by setting forth some other evidence from which a reasonable fact-finder could draw an inference of discrimination. *See Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576 (1978). Complainant failed to establish that any similarly situated employee outside of his protected group was treated more favorably under similar circumstances. Specifically, complainant failed to establish that either females or younger employees, received higher performance appraisal ratings than him. Further, he did not set forth any other evidence from which we could draw an inference of discrimination. Accordingly, we conclude that complainant has failed to establish a *prima facie* case of sex or age discrimination.

After a careful review of the record, the Commission finds that a decision without a hearing was appropriate, as no genuine dispute of material fact exists. We find that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. Further, construing the evidence to be most favorable to complainant, we note that complainant failed to present evidence that any of the agency's actions were motivated by discriminatory animus toward complainant's protected classes.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614

6                                                                01A44745

(EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 0 8 2004
_____
Date

7                                        01A44745

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 0 8 2006
_____
Date

_____
Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C.  20036

Richard L. Miller,
Complainant,

v.

Norman Y. Mineta,
Secretary,
Department of Transportation,
(National Transportation Safety Board),
Agency.

Appeal No. 01A53819

Agency No. 300-AO-2020

<u>DISMISSAL OF APPEAL</u>

By Notice of Appeal postmarked April 23, 2005, complainant filed an appeal with this Commission from the agency's  March 16, 2005 final action implementing the February 8, 2005 decision of an Administrative Judge, finding no discrimination.

The record contains a copy of a United States Postal Service "Track & Confirm" document. Therein, the United States Postal Service indicates that the agency's final action was delivered to complainant's address of record on March 19, 2005.  Moreover, on appeal, complainant acknowledges receipt of the final action on March 23, 2005.  A review of the final action reveals that the agency properly advised complainant that he had thirty (30) calendar days after receipt of its final decision to file his appeal with the Commission.   Complainant's appeal was filed more than thirty days from both the dated identified in the above referenced "Track and Confirm" document (March 19, 2005); as well as the receipt date identified by complainant on appeal (March 23, 2005).  Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal.  Complainant's April 23, 2005 appeal is **DISMISSED**.  *See* 29 C.F.R. § 1614.403(c).

2                                    01A53819

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

3                                     01A53819

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 2 2005

Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

OCT 1 2 2005

Date

Equal Opportunity Assistant



# NTSB
**National Transportation Safety Board**
490 L'Enfant Plaza, SW
Washington, DC 20594-0001
www.ntsb.gov

---

Office of Equal Employment Opportunity

| | | |
|---|---|---|
| Richard Miller, | ) | |
| Complainant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Agency Docket No: NTSB-2005-07 |
| NATIONAL TRANSPORTATION | ) | Date Filed: July 18, 2005 |
| SAFETY BOARD, | ) | |
| Agency. | ) | |
| | ) | |

## FINAL AGENCY DECISION

This is the Final Agency Decision of the National Transportation Safety Board (NTSB or Agency) dismissing the complaint filed by Richard L. Miller (Complainant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a.

## I.  ADMINISTRATIVE PROCEDURES

On November 17, 2004, Complainant contacted the Agency EEO Office and initiated an Equal Employment Opportunity (EEO) Complaint. Informal EEO counseling was not successful in resolving the allegations Complainant raised, and the EEO Counselor issued Complainant a Notice of Right to File a Formal Discrimination Complaint dated March 16, 2005.

Complainant filed a formal complaint of discrimination dated July 15, 2005, that was received in the Agency EEO Office on July 18, 2005. See Attachment 1. Complainant submitted his complaint on NTSB Form 2000-A-NOV 00. The instructions in Block 16 of this form direct a Complainant to explain specifically how (s)he was discriminated against, and to list each allegation and provide specific, factual information in support of each. In response to these instructions Complainant listed allegations numbered 01 through 16 with titles such as "03 Performance", "Position Duties", "Reassignment", etc. Complainant provided no additional narrative discussion or clarification. On July 21, 2005, the undersigned forwarded a letter to Complainant requesting clarification of the

claims of discrimination he was raising by providing information that was sufficiently precise so as to allow a determination of the specific actions or practices that form the basis of his complaint. See Attachment 2. That letter also advised Complainant to provide the requested information <u>within 15 calendar days</u> after receipt of the letter, and that his failure to provide the requested information within 15 calendar days might result in the dismissal of his complaint in accordance with 29 CFR § 1614.107(a)(7).[1]

On August 10, 2005, approximately <u>20 calendar days after his receipt of the request for clarification</u>, Complainant forwarded an email to the undersigned. See Attachment 3. In this email Complainant indicated that he needed an extension to respond to the request for clarification. On August 18, 2005, I responded via Agency email to Complainant and granted him an additional 15 days to clarify his claims.[2] On September 19, 2005, approximately <u>32 days after Complainant's receipt of my August 18, 2005, email</u>, a hard copy of an email addressed from Complainant to the undersigned was delivered to the Agency's EEO Office. See Attachment 4. In this email, Complainant makes no reference to the earlier correspondence in regard to the instant complaint, but merely indicates that he is requesting "an extension on filing formal."

## II.    LEGAL STANDARDS FOR ANALYSIS

The U.S. Equal Employment Opportunity Commission ("EEOC") regulations state that an agency may dismiss a complaint pursuant to 29 CFR § 1614.107 (a) (7), for failure to cooperate where the agency has provided the Complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the Complainant has failed to respond to the request within 15 days of its receipt or the response does not address the agency's request, provided that the request included a notice of the proposed dismissal.

## III.    ANALYSIS

The Commissions' regulations at 29 CFR § 1614.106 (c) state in relevant part: "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practices(s that form the basis of the complaint. In the instant complaint, the information complainant provided in Block 16 of Attachment 1 was not sufficiently precise in order for the undersigned to identify the claims Complainant was raising, or to make a determination as to whether they met the procedural requirements of 29 CFR § 1614.107. As a result Complainant was issued a written request to clarify his claims and was provided a 15-day period in which to do so. At the same time, Complainant was advised that a failure to provide the requested information may result in the dismissal of his Complaint. Notably, Complainant did not meet this time limit. Approximately five (5) calendar days after the expiration of the 15-day period, Complainant requested an

---

[1] The letter was forwarded to Complainant by regular mail and via the Agency's e-mail system.
[2] The additional 15-day extension required that Complainant clarify his claims not later than <u>September 1, 2005.</u>

additional extension of time to clarify his claims. The undersigned granted Complainant an additional extension of time, i.e., until September 1, 2005, to clarify his claims. The additional extension meant that Complainant was provided a total of 44 calendar days in which to clarify his claims. Complainant failed to clarify his claims by September 1, 2005. As stated above, on September 19, 2005, the undersigned received an email from Complainant. This email makes no specific reference to the instant complaint, but instead requests an "extension on filing formal." Attachment 4.

The Commission had held that as a general rule, an agency should not dismiss a complaint when it has sufficient information on which to base adjudication. See Ross v. U.S. Postal Service, EEOC Request No. 05900693 (August 17, 1990); Brinson v. U.S. Postal Service, EEOC Request No. 05900193 (April 12, 1990). Furthermore, only in cases where the appellant has engaged in delay or contumacious conduct and the record is insufficient to permit adjudication has the Commission allowed a complaint to be dismissed for failure to cooperate. See Raz v. U.S. Postal Service, EEOC Request No. 05890177 (June 14, 1989); Delgado v. U.S. Postal Service, EEOC Request No. 05900859 (October 25, 1990). The instant complaint meets that standard. Complainant was provided an extended period of 44 calendar days in which to clarify his claims and failed to do so. Complainant has provided no substantive reason for his failure to clarify his claims, and no indication of when he may do so. In Complainant's email that the undersigned received on September 19, 2005, he merely states that because of a pending adverse action, he does not have access to work emails and documentations. However, he provides no explanation of why his lack of access to work emails prevented him from complying with the request to clarify his claims of discrimination within the timeframes that I specified.

## IV.    DECISION

It is the final agency decision of the NTSB to dismiss the above captioned complaint for failure to cooperate in accordance with the provisions of 29 CFR § 1614.107 (a) (7), because there is a clear record of delay on the part of the Complainant, and there is insufficient information on which to base an adjudication of the complaint.

## V.    RIGHT TO APPEAL THE FINAL AGENCY DECISION

An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from Complainant's receipt of this decision. If an attorney of record represents Complainant, the 30-day period for filing an appeal begins to run from the date that the attorney receives this decision.

An appeal may be mailed, delivered in person, or sent by facsimile transmission. The appeal may be mailed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848

Washington, DC 20036

The appeal may be hand-delivered to:

Equal Employment Opportunity Commission
Office of Federal Operations
Appellate Review Program
1801 L Street, NW
Washington, DC 20507

The appeal may be sent by facsimile transmission to (202) 663-7022. The EEOC has indicated that it will not accept facsimile transmissions over 10 pages.

If mailed, the appeal must be postmarked no later than the end of the 30-day filing period. If hand-delivered or sent by facsimile transmission, the appeal must be received by the EEOC no later than the end of the 30-day filing period.

**Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.** Complainant must furnish a copy of the appeal to the NTSB at the same time an appeal is filed with the EEOC. If an appeal is not filed within the above time limits, the appeal will be untimely and may be dismissed by the EEOC. The EEOC may exercise its discretion to extend the time limit for filing an appeal based upon a written statement showing that Complainant was not notified of the prescribed time limit and was not otherwise aware of it, or that circumstances beyond Complainant's control prevented the Notice of Appeal from being filed within the prescribed time limit.

Any statement or brief in support of the appeal must be submitted to the Equal Employment Opportunity Commission, and to the NTSB, within thirty (30) calendar days of filing the Notice of Appeal. **Service on the NTSB by mail must be made on both of the following designated NTSB offices and addressed in the format indicated below:**

National Transportation Safety Board
Office of Equal Employment Opportunity
ATTN: Fara D. Guest, Director
490 L'Enfant Plaza, SW
Washington, DC 20594

and

National Transportation Safety Board
Office of the General Counsel
490 L'Enfant Plaza, SW
Washington, DC 20594

Due to the delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing a copy of the appeal, brief, or statement, a copy may also be sent by facsimile transmission to Fara D. Guest at (202) 314-6125.

## VII.   RIGHT TO FILE A CIVIL ACTION

If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court **within ninety (90) calendar days** of the date Complainant receives this decision. If Complainant files an appeal with the EEOC, a civil action may also be filed in a U.S. District Court **within ninety (90) calendar days** of receipt of the EEOC's final decision on appeal. A civil action may also be filed any time **after one hundred eighty (180) calendar days** from the date the appeal is filed with the EEOC, if a final decision has not been issued by the EEOC.

If Complainant files a civil action, and does not have or is not able to obtain the services of an attorney, Complainant may request the court to appoint an attorney as a representative in the matter and to permit Complainant to file the action without payment of fees, costs, or other security. **The decision to grant or deny the request is within the sole discretion of the court.** Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action **must be filed within the time frames specified above.**

Complainant is further notified that if a civil action is filed, **Mark V. Rosenker, Acting Chairman, National Transportation Safety Board** must be named as the defendant and failure to do so may result in the dismissal of the action filed.


_____          ___09·23-05___
Fara D. Guest                       Date
EEO Director

Attachments:
1. Copy of Formal Complaint of Richard L. Miller, NTSB Form 2000-A-NOV 00, dated July 15, 2005.

2. Copy of letter dated July 21, 2005 from NTSB EEO Director to Richard L. Miller: Subject: Acknowledgement of receipt of formal complaint and request for clarification of claims.

3. Copy of electronic mail message dated August 10, 2005, from Richard L. Miller to Fara Guest; Subject: none indicated.

4. Copy of electronic mail message dated August 18, 2005, from Fara D. Guest to Richard L. Miller; Subject: RE: Formal Complaint.

5. Copy of electronic mail message dated September 16, 2005, from Richard L. Miller to Fara Guest; Subject: EEO Request.


Enclosure:
EEOC Form 573 (Notice of Appeal/Petition)

This is to certify that on September 28, 2005, this Notice of Final Agency Decision (Agency Docket No. NTSB-2005-07) was sent via certified mail to:

Mr. Richard Miller
1515 Arlington Ridge Road, Apt 304
Arlington, VA 22202

Fara D. Guest
EEO Director



# National Transportation Safety Board

## Equal Employment Opportunity Office

Subject:     Notice of Partial Acceptance of Discrimination Complaint

Date:        February 13, 2006

To:          Richard L. Miller
             1515 Arlington Ridge Road #304
             Arlington, VA 22202

             Agency Docket Number:    NTSB-2006-08
             Date Filed:              January 21, 2006

Dear Mr. Miller:

This is written in regard to the formal discrimination complaint that you ("Complainant") filed against the National Transportation Safety Board ("NTSB") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. Your formal complaint filed by express mail and postmarked January 21, 2006, is deemed filed on that date.

The record shows that you initially contacted the NTSB EEO Office on November 18, 2005, alleging discrimination involving the NTSB Offices of Chief Financial Officer (CFO), Managing Director, and the Human Resources Division. Informal EEO Counseling that began on December 20, 2005, was not successful in resolving your claim of employment discrimination and on January 6, 2006, the EEO Counselor advised you of your right to file a formal complaint.

You are advised that your formal complaint is being <u>accepted in part</u>, and <u>dismissed in part</u>.

## I.    <u>ACCEPTANCE OF THE COMPLAINT IN PART</u>

Based on a review of your formal complaint and the EEO Counselor's Report, the following claims are accepted for investigation:

1. Whether Complainant was subjected to harassment based on sex (male), age (DOB: 03/24/49), and retaliation when: (1) he was allegedly denied leave under the Family Medical Leave Act (FMLA) on

1

an unspecified date; (2) Complainant's supervisor allegedly designated leave that Complainant had previously taken as FMLA leave but did not tell Complainant that he had done so until an unspecified later date; and, (3) Complainant's supervisor allegedly failed to provide Complainant with unspecified requested and unspecified required information regarding his rights under the FMLA.

2. Whether Complainant was discriminated against because of age when he was placed on a Performance Improvement Plan (PIP) on June 9, 2005.

3. Whether Complainant was discriminated against because of age and sex when the agency allegedly intentionally delayed action on Complainant's Voluntary Leave Transfer Program application until after January 3, 2006, thereby denying Complainant donations from potential donors who retired on January 3, 2006.

If you believe the claims I have accepted have not been correctly stated, please notify me in writing of the correct claims you are raising, *the specific acts which form the basis of these claims, and the specific dates on which the alleged acts of discrimination occurred*. Therefore, you must identify the specific incidents or acts of alleged discrimination, and the specific dates on which these incidents or acts occurred. This information must be provided to me within five (5) calendar days after you receive this letter. If I do not receive a written reply from you within five (5) calendar days of your receipt of this letter, I will conclude that you agree that the accepted claim has been properly identified, and it will be forwarded for investigation. All correspondence regarding your complaint must include the agency document number and the date the complaint was filed. Both items are listed in the heading of this letter. Due to delays with receipt of mail sent through the U.S. Postal Service, you may send your response by electronic mail or facsimile to (202) 314-6141.

Your complaint will be assigned to an Investigator for formal investigation. Once assigned, you will be informed of the Investigator's identity and when the investigation is expected to begin. If evidence obtained during the investigation indicates that dismissal of a claim is appropriate, all decisions will be made in accordance with the U.S. Equal Employment Opportunity Commission ("EEOC") regulations at 29 C.F.R. § 1614.107. If a hearing is requested at the conclusion of the investigation of the accepted claims, an Administrative Judge appointed by the EEOC may review any dismissed claim(s). However, there is no immediate right to appeal a dismissed claim. Any partial dismissal may not be appealed until the NTSB renders final agency action on all of the claims. See 29 C.F.R. § 1614.107(b). A final agency action is either a Final Agency Order (if there is a hearing) of a Final Agency Decision (if no hearing is held). A complaint that is dismissed in its

2

entirety may be appealed after a Final Agency Decision is issued. You will be provided appeal rights with the final agency action.

Pursuant to 29 C.F.R. § 1614.108, the NTSB EEO Director must send you a copy of the Report of Investigation (ROI) within 180 days of the date that you filed your formal complaint, unless you agree to an extension in writing. When the ROI is sent, you will be advised of your right to elect a hearing before the EEOC Administrative Judge or an immediate final agency decision.

The EEOC regulations also provide that if 180 calendar days have elapsed from the filing date of the formal complaint, and you have not received a copy of the ROI, then you may request a hearing before an EEOC Administrative Judge, or may file an action in Federal District Court. If I do not receive written notification from you exercising one of these options, the I will continue processing the complaint.

## II.    DISMISSAL OF THE COMPLAINT IN PART

Based on a review of the information in your formal complaint and the EEO Counselor's Report, I am dismissing the following claims:

1. Whether Complainant was discriminated against because of sex (male) age (DOB: 03/24/49), mental/physical disability, and retaliation when the agency allegedly violated 20 CFR § 10.110 and 18 USC § 1922 by failing to forward Complainant's Notice of Occupational Disease and Claim for Compensation (Form CA-2) to the Office of Workers' Compensation Programs within 10 days of its receipt.

2. Whether Complainant was discriminated against because of sex (male) age (DOB: 03/24/49), mental/physical disability, and retaliation when the agency allegedly attempted to compel and induce him to take an offer to abolish his job by engaging in settlement negotiations with the Complainant with regard to his EEO complaint that also allegedly involved terms related to his proposed removal and his Workers' Compensation claims.

3. Whether Complainant was discriminated against because of age, retaliation, and subjected to harassment when the agency transferred responsibility for the agency's Purchase Card Program from the Office of the Chief Financial Office to the Office of Administration.

4. Whether Complainant was subjected to retaliation when the agency allegedly: (a) failed to include him in several unspecified meetings on a Department of Transportation Inspector General (DOT IG) audit

3

that occurred on unspecified dates, and (b) and not including him in the list of meetings the DOT IG provided.

5. Whether Complainant was discriminated against because of age (DOB: 03/24/49) and subjected to retaliation for participating in a DOT IG audit when the agency (a) issued Complainant a Notice of Proposed Removal on September 12, 2005; (b) identified Mr. Donald Libera as the Deciding Official in his proposed removal; (c) allegedly intentionally delayed and failed to issue a decision on the proposed removal within 60 or 120 days; and, (d) failed to provide Complainant with information on why a decision has been delayed beyond these time periods.

6. Whether Complainant was discriminated against because of retaliation when the undersigned allegedly provided the contract EEO counselor assigned to counsel the instant complaint with the wrong date of initial contact (i.e., November 18, 2005) with me.[1]

7. Whether Complainant was discriminated against because of retaliation when the agency allegedly informed unnamed employees on unspecified dates that Complainant was "pushed out the door, pushed into the elevator" and by "not informing employees and outside people of the actual situation".

8. Whether Complainant was discriminated against because of age, mental/physical disability, and retaliation when the agency allegedly: (a) did not respond to Congress about unspecified matters; or (b), delayed in responding to Congress about unspecified matters on unspecified dates.

## Discussion of Legal Standards for Analysis

1. The EEOC Regulations provide for the dismissal of a complaint that fails to state a claim within the meaning of 29 C.F.R. § 1614.103. 29 C.F.R. § 1614.107(a). An agency shall accept a complaint from any aggrieved employee or applicant for employment, who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R.§ 1614.103. The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Riden v. Department of the Treasury, EEOC Request No. 05970314 (October 2, 1998). Such loss or harm must be a "direct or personal employment-related deprivation." See Jaquez v. Dept. of the Treasury, EEOC Appeal No. 01940694 (June 14, 1994); Patel v. Runyon, Jr.,

---

[1] Complainant asserts that he initiated contact with me via a letter that was delivered either by "hand or certified mail" on November 16, 2005, rather than on November 18, 2005. See Attachment 1 at 1.

Postmaster General, U.S. Postal Service, EEOC Appeal No. 01963070
(January 2, 1997). The Commission has held that, in determining whether a
complaint fails to state a claim, the focus is on whether the complainant is
aggrieved by an employment practice that is unlawful under Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. See Cobb v.
Secretary of Treasury, EEOC Appeal No. 05970077 (March 13, 1997). An
agency should only dismiss a complaint for failure to state a claim if it appears
beyond doubt that the complainant can prove no set of facts in support of the
claim which would entitle the complainant to relief. The factual allegations of the
complaint must be considered in the light most favorable to the complainant to
determine whether they are sufficient to state a claim. Id.

2. EEOC Regulations at 29 C.F.R. 1614.107 provide for the dismissal of a
complaint that fails to comply with the applicable time limits contained in 29
C.F.R. § 1614.106, or that alleges that a proposal to take a personnel action, or
other preliminary step to taking a personnel action, is discriminatory.

3. The Commission has held that, "settlement negotiations, including any
statements or proposals, are to be treated as confidential and privileged to
facilitate a candid interchange to settle disputes informally." Harris v.
Department of the Navy, EEOC Request No. 05941002 (March 23, 1995)".
To allow a new complainant based on a settlement offer would defeat this
purpose.

4. The Commission has also held that an employee cannot use the EEO
complaint process to lodge a collateral attack on another proceeding. See Wills
v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998). In its'
decisions, the Commission has noted that OWCP has exclusive jurisdiction over
the administration, interpretation, and enforcement of the Federal Employees
Compensation Act (FECA). 20 C.F.R. § 10.1. Further, the Commission has also
held that it has no jurisdiction over OWCP with regard to the processing of FECA
claims, decisions to grant or deny benefits, and that a claim related to the
untimely processing of workers' compensation papers does not state a claim.
Schneider v. USPS, EEOC Request No. 05A01065 (August 16, 2002).

5. Title 29 CFR §1614.103(a), provides that individual and class complaints of
employment discrimination and retaliation prohibited by title VII (discrimination on
the basis of race, color, religion, sex and national origin), the ADEA
(discrimination on the basis of age when the aggrieved individual is at least 40
years of age), the Rehabilitation Act (discrimination on the basis of handicap) or
the Equal Pay Act (sex-based wage discrimination) may be actionable. Section
1614.103 does not provide a right of action for claims based on violations of 20
CFR § 10.110, 18 USC § 1922, or participation in an IG investigation or audit.

6. The Commission has held that the statutory retaliation provisions prohibit any
adverse treatment that is based on a retaliatory motive and is reasonably likely to

5

deter the charging party or others from engaging in protected activity. EEOC Compliance Manual, § 8 at ¶ D3 (emphasis added). However, the Commission has also upheld an agency's dismissal of a claim of retaliation for failure to state a claim where none of the alleged incidents had a chilling effect on the exercise of EEO activity, or was not reasonably likely to deter future protected activity.[2]

7. The U.S. Supreme Court has held that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period.   National Railroad Passenger Corp. v. Morgan 536 U.S. 101, 122 S Ct. 2061 (2002).  Discrete acts include personnel actions such as refusal to hire, termination, failure to promote, suspension or any other discrete employment action that affects an employee's compensation, or the terms, conditions or privileges of his employment.

## Analysis

Dismissed claim 1

Complainant asserts that the agency discriminated against him due to sex (male), age (DOB: 03/24/49), mental/physical disability, and retaliation, and allegedly violated 20 CFR § 10.110 and 18 USC § 1922 by failing to forward Complainant's Notice of Occupational Disease and Claim for Compensation (Form CA-2) to the Office of Workers' Compensation Programs within 10 days of its receipt.  The Commission has previously held that a claim related to the untimely processing of workers' compensation papers does not state a claim, and has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another proceeding. See Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998). The proper forum for contesting the outcome of an OWCP claim is with the Department of Labor. Foster v. United States Postal Service, EEOC Request No. 05950693 (May 16, 1996).  In addition a violation of 20 CFR § 10.110 or 18 USC § 1922, is not within the purview of 29 C.F.R. 1614.  Therefore, this claim is dismissed for failure to state a claim.

Dismissed claim 2

---

[2] See Melecio v. Treasury, EEOC No. 01A32589 (2003) (affirming agency's dismissal of claimant's 13 claims of retaliation, holding that none of the alleged incidents had a "chilling effect" on complainant's exercise of EEO activity); Keys v. USPS, EEOC Appeal 01A01771 (2000) (holding that supervisor's offensive comments about complainant's body were not actionable because the comments were not reasonably likely to deter future protected activity); Ceballos v. Reno, EEOC Appeal 01A01759 (2000) (agency's dismissal of retaliation charges was proper where complainant presented no evidence that he was deterred from future protected activity); and, Nickson v. Reno, EEOC Appeal 01A03143 (2000) (agency's dismissal of claims was proper, where complainant did not show causal connection between prior EEO activity and verbal counseling she received for being out of uniform and failure to follow a direct order. Complainant failed to show that agency actions deterred her from further EEO activity).

Complainant alleges discrimination because of sex, age and disability when the agency engaged in settlement negotiations with him and allegedly attempted to compel and induce him to take an offer to abolish his job that also involved terms related to his proposed removal and his Workers' Compensation claims. Relevant facts related to this claim are as follow:

1. On September 12, 2005, the agency issued Complainant a Notice of Proposed Removal from his position of Financial Management Specialist, GS-501-14, based on unacceptable performance, and provided Complainant a period of 15 calendar days to respond to the proposal.

2. Complainant subsequently advised the agency that he had retained the services of Mr. Josh Bowers, Attorney-at-Law, to represent him.

3. Mr. Bowers and Ms. Denise D'Avella, of the agency's Office of General Counsel (OGC) engaged in preliminary settlement discussions in which the agency proposed a resolution of the matter. In summary the agency stated that it would: (1) hold the notice of proposed removal in abeyance; (2) abolish Complainant's position thereby making him eligible for Discontinued Service Retirement (DSR); and (3) assist Complainant in filing all paperwork necessary for DSR. In return for these actions by the agency, the proposed resolution required Complainant to withdraw all EEO complaints and claims against the agency, including the instant complaint.[3] After a series of written exchanges between the Agency and Complainant, he ultimately declined the agency's proposal. See Attachments 2 through 5.

These facts establish that the agency was engaged in settlement discussions involving his pending EEO complaint with Complainant and his attorney. Complainant implies that he was harmed in some manner because the agency was attempting to "compel" him to take an offer to abolish his job. However, this assertion notwithstanding, the Commission has held that "*settlement negotiations, including any statements or proposals*, are to be treated as confidential and privileged to facilitate a candid interchange to settle disputes informally." Harris v. Department of the Navy, EEOC Request No. 05941002 (March 23, 1995)". *To allow a new complainant based on a settlement offer would defeat this purpose.* See Millea v. Department of Veterans Affairs, EEOC Request No. 05980235 (May 21, 1998); Montague v. Department of the Army, EEOC Request No. 05920231 (May 2, 1992). Accordingly, this claim is dismissed for failure to state a claim.

Dismissed claim 3

---

[3] If the parties had agreed to and carried out these terms, Complainant's proposed removal would be moot since he would have retired from Federal service.

Complainant alleges that he was subjected to harassment and discrimination because of age and retaliation when the agency allegedly transferred management of the agency's Purchase Card Program from the Office of the CFO to the Office of Administration.[4]  Complainant raised this same issue in a previous EEO complaint that he initiated on November 17, 2004.  See Attachment 6.  Relevant facts related to the previous complaint are as follow:

1. A contract EEO Counselor assigned by the undersigned conducted an inquiry into the matters Complainant raised.  Informal counseling was unsuccessful in resolving these matters and the EEO Counselor issued a Notice of Final Interview and Right to File Formal.  Id at 3.

2. Complainant filed a formal EEO complaint on July 18, 2005.  Attachment 7 at Attachment 1.

3. On July 21, 2005, I forwarded a letter (via agency email and regular mail) to Complainant requesting clarification of his claims.  Id at Attachment 4.  Complainant was also advised in the same letter that a failure to provide the requested information within 15 calendar days of receipt could result in the dismissal of his complaint in accordance with 29 CFR § 1614.107(a)(7).

4. On August 10, 2005, approximately 20 calendars days after Complainant's receipt of the request for clarification, he forwarded an email to the undersigned requesting an extension of the deadline to respond to the request for clarification.  Id at Attachment 3.

5. On August 18, 2005, I responded to Complainant and granted Complainant an additional 15 days (from August 17, 2005) to respond to the request for clarification.  Id at Attachment 4, Page 1.

6. On September 16, 2005, approximately 29 days after Complainant's receipt of the extension noted in subparagraph 5[5] above, Complainant forwarded an email to the undersigned.  In this email Complainant simply indicates that he was requesting "an extension on filing formal."  Id at Attachment 7.

7. On September 23, 2005, I issued a Final Agency Decision dismissing Complainant's complaint.  Attachment 7.[6]

These facts establish that Complainant was aware of the impending transfer of responsibility for the agency's Purchase Card Program from the CFO to the Office of Administration not later than February 30, 2004.[7]  The facts also establish that: (1) Complainant raised this claim with the EEO counselor who conducted an inquiry into a previous complaint that he initiated on November 17, 2004; (2) Complainant was provided an extended period of 44 calendar

---

[4] Complainant acknowledges that he was informed of the decision to transfer the Purchase Card Program in February 2004.  See EEO Counselor's Report for a prior EEO complaint that Complainant initiated on November 17, 2004.  Attachment 6 at 5, ¶ 2, 14, and 18.

[5] And 14 days after expiration of the 15-day extension previously granted.

[6] Complainant did not appeal the FAD to EEOC.

[7] See also Attachment 8 at 1, 3, and 6.

8

days to clarify the formal complaint that he filed on July 18, 2005, yet failed to do so; and, (3) Complainant did not file a formal complaint that clearly stated and articulated this claim until he filed the instant formal complaint on January 21, 2006. In addition, the transfer of responsibility for the Purchase Card Program was a discrete act that occurred on a specific date.[8] In Morgan supra, the Supreme Court held that a plaintiff who raises claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period. Asserting a claim of harassment (i.e., hostile work environment) with respect to a discrete discriminatory or retaliatory act will not serve to waive this filing requirement. Therefore, this claim is dismissed because it fails to comply with the applicable time limits contained in 29 C.F.R. § 1614.106(b).

Dismissed claim 4

In this instance Complainant asserts that he was subjected to retaliation when the agency allegedly failed to include him in several meetings on a DOT IG audit. Complainant provides no specific information on when the alleged meetings occurred, the subject of these meetings, the relevance of these meetings to him or his assigned duties, and who specifically failed to include him. During the inquiry into the previous complaint filed by Complainant, he told the contract EEO counselor that Ms. Lola Ward (Director, NTSB Office of Administration) had requested a full audit of the purchase card program; a DOT IG Inspector told him (Complainant) that a meeting was held in January[9] regarding the purchase program, and he (Complainant) was not invited to the meeting. See Attachment 6 at 6. Complainant fails to establish that the alleged meetings occurred, and assuming they did, how he was harmed by the agency's failure to invite him, or that this failure was reasonably likely to deter him from engaging in future protected activity. Accordingly, this claim is dismissed for failure to state a claim.

Dismissed claim 5

Complainant asserts that he was discriminated against because of age and subjected to retaliation for participating in a DOT IG audit when the agency issued him a Notice of Proposed Removal, identified Mr. Donald Libera (Complainant's second level supervisor) as the Deciding Official, and failed to issue a decision on the proposal removal within 60 or 120 days. EEOC Regulations at 29 C.F.R. 1614.107 provide for the dismissal of a complaint that alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory. In addition, retaliation because of participation in a DOT IG audit is not within the purview of 29

---

[8] See Attachment 8 at 6-7, ¶ 1.
[9] Since the interview with the EEO counselor occurred on January 19, 2005, then the meeting Complainant is referring to during that interview occurred prior to that date. See Attachment 6 at 4, 6.

CFR 1614. Therefore, this claim is dismissed because it alleges that a proposal to take a personnel action is discriminatory, and because it fails to state a claim.[10]

Dismissed claim 6

Complainant alleges that he was discriminated against because of retaliation when the undersigned provided the contract EEO counselor assigned to counsel the instant complaint with the wrong date of his (Complainant's) initial contact with me. Complainant asserts that he initiated contact by a letter that was either delivered by hand or certified mail to me on November 16, 2005, rather than on November 18, 2005, i.e., the date of initial contact that I provided to the EEO counselor. Even if it is presumed that Complainant is factually correct in this instance, he fails to establish that he was affected in any manner by the discrepancy between these dates, and has not shown that it was reasonably likely to deter him from engaging in future protected activity. Accordingly, this claim is dismissed for failure to state a claim.

Dismissed claim 7

In this instance Complainant alleges that he was subjected to retaliation when the agency allegedly informed unnamed employees that Complainant was "pushed out the door", "pushed into the elevator", and by not informing employees and outside people of the actual situation. In accord with 29 C.F.R.§ 1614.103, a Federal agency must accept a complaint from any aggrieved employee or applicant for employment, who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age, disability, or retaliation. The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Riden v. Department of the Treasury, EEOC Request No. 05970314 (October 2, 1998). Such loss or harm must be a "direct or personal employment-related deprivation." With respect to Complainant's assertions that he was pushed out the door and into the elevator, and that the agency failed to inform employee and outside people of the "actual situation", he fails to show that he suffered a present harm or loss with respect to a term, condition, or privilege of his employment for which there is a remedy. Complainant can prove no set of facts with respect to this claim that would entitle him to relief. Therefore, this claim is dismissed for failure to state a claim.

Dismissed claim 8

---

[10] If the Deciding Official sustains the proposed removal, Complainant may file a complaint of discrimination with respect to the removal when the notice of decision is issued to him.

Here Complainant asserts that the agency allegedly failed to respond (or, delayed in responding) to Congress. Complainant neither specifies what the agency failed to respond to Congress about, nor does he specify how he was impacted by the alleged failure. He also fails to show how the agency's failure to respond to a Congressional inquiry constitutes a term, condition, or privilege of his employment. This claim is dismissed for failure to state a claim.

With respect to the claims that I have dismissed, you are advised that there is no immediate right to appeal a partial dismissal of a complaint to the EEOC. You are also advised that an EEOC Administrative Judge shall review this dismissal if you request a hearing on the remainder of the complaint, but that you may not appeal this dismissal until a final action is taken by the NTSB on the remainder of your complaint. A final Agency action is either a Final Agency Order (if there is a hearing) or a Final Agency Decision (if no hearing is held).

If you have any questions regarding this matter, please contact me at 202-314-6190. Please remember that you must inform me in writing of any changes in your address, and when you choose or change a representative.

Sincerely,

Fara D. Guest
Equal Employment Opportunity Director

Attachments:
1. Copy of EEO Counselor's Report prepared by Donna A. Lewis (February 2, 2006).
2. Copy of email from Complainant to Denise D'Avella (Agency Counsel) dated November 10, 2005, Subject: Status, Proposed Removal.
3. Copy of letter from Denise D'Avella to Complainant dated November 9, 2005, Re: Proposed Removal, September 12, 2005.
4. Copy of email from Complainant to Denise D'Avella dated November 14, 2005, Subject: Re: Status, Proposed Removal.
5. Copy of email from Denise D'Avella to Complainant dated November 16, 2005, Subject: Re: Status, Proposed Removal.
6. Copy of EEO Counselor's Report prepared by Sharon L. Floyd.
7. Copy of Final Agency Decision in Agency Docket Number NTSB-2005-07 (with attachments).
8. Chronology of the Assignment for the Purchase Card Transition Plan prepared by Donald Libera, NTSB Deputy Chief Financial Officer.

# CERTIFICATE OF SERVICE

This is to certify that on February 14, 2006, this Notice of Final Agency Decision (Agency Docket No. NTSB-2006-08) was sent via certified mail to:

Richard Miller
1515 Arlington Ridge Road #304
Arlington, VA 22202

Fara D. Guest
EEO Director