**National Transportation Safety Board**
**Washington, D.C. 20594**
**Equal Employment Opportunity Office**

## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

**Richard Miller**                                          March 16, 2005
**v.**
**National Transportation**
**Safety (NTSB)**                           Agency No. 300-AO-2020
**Chairman, Ellen Engleman-**               EEOC No. 100-2004-00685X
**Conners**                                 FILED ON: December 17, 2002

### Notice of Final Action:

In accordance with 29 C.F.R. 1614.110(a), this is the National Transportation Safety Board (NTSB) **Notice of Final Action** in your complaint of discrimination numbered above. In your complaint filed on December 17, 2002 you alleged reprisal (for prior EEO activity) with reference to the overall terms and conditions of your employment at the Board.

On February 8, 2005, the EEOC Administrative Judge (AJ), Varice Ted Henry assigned to your case entered a " **Summary Judgement** " order for the Agency/NTSB. According to the order referenced above, the Judge <u>dismissed</u> <u>your complaint because "the totality of the record failed to sustain your claim(s)</u> <u>that you were discriminated against".</u>

As a result, AJ Varice F.Henry, **granted** the Agency's Motion for Summary Judgement <u>in lieu</u> of conducting a hearing on your complaint and denied your discrimination complaint for the reasons referenced above. This is a decision by an Equal Employment Opportunity Administrative Judge issued pursuant to 29 C.F.R. & 1614.109(b), 109(g) or 109(i).

You are hereby advised that the National Transportation Safety Board **will** <u>**fully**</u> <u>**implement**</u> (without modification) Judge Henry's decision to enter summary judgement for the Agency/NTSB on February 08, 2005.



## APPEAL RIGHTS

Section 1614.401(a)-(e) identifies those entitled to file appeals to the Commission. Section 1614.402(a) provides that appeals to the Commission must be filed by an appellant **within thirty (30) days** of receipt of an agency's **final action**, or decision. If you are represented by an attorney or record/representative, the 30-day time limit shall begin to run from the date of the receipt of the notice of final action by the attorney/representative. This letter notifies you of the Board's determination to implement the final order which was issued **within forty (40) days** of its receipt of the Administrative Judge's decision of February 08,2005 appeals must be filed with the Commission at the following address:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, D.C. 20036

As an alternative to mailing, appeals may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 1801 L Street, N.W.
> Washington, D.C. 20507

As a further alternative, appeals may be sent by fax to:

> (202) 663-7022

You should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the you must certify the date and method by which service was made on the opposing party.

If you decide to appeal you should use EEOC Form 573, Notice of Appeal/Petition. A copy of the Form is attached to this letter. I have attached a copy of EEOC Form 573.

## RIGHT TO FILE A CIVIL ACTION

### Time Limits for Civil Actions

Title VII, Age Discrimination in Employment Act, Rehabilitation Act - § 1614.407.

A complainant who has filed a non-mixed individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief in a class action complaint may file a civil action in an appropriate United States district court:

Within ninety (90) days of receipt of an agency's final action on an individual complaint, or final decision on a class complaint, if no appeal has been filed.

After 180 days from the date of filing an individual or class complaint if no appeal has been filed and no final action on an individual complaint or no final decision on a class complaint has been issued.

Within 90 days after receipt of the Commission's final decision on appeal.

After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

### The Equal Pay Act - § 1614.408.

Regardless of whether the individual complainant pursued any administrative complaint processing, a complainant may file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, within three years of the date of the alleged violation of the Equal Pay Act. Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is willful; liquidated damages in an amount equal to lost back wages may also be awarded. The filing of an administrative complaint does not toll the time for filing a civil action.

### Termination of EEOC Processing

Filing a timely civil action under any of these statutes terminates Commission processing of an appeal. § 1614.409. If a civil action is filed after an appeal has also been filed, the parties are requested to notify the Commission of this event in writing.

If you choose to file a civil action, that action should be captioned **NTSB Chairman Ellen Engleman Conners v. Richard Miller.** Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date you receive the final action or final decision (as appropriate) from the Board (Agency) or the Commission; or within 90 days after receipt of the EEOC's final decision on appeal; or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

**For further guidance regarding appeals, you may consult 29 C.F.R. & 1614.401 <u>et seq.</u> and Chapter 10 of EEOC's Management Directive 110. These documents are available on EEOC's website at <u>www.eeoc.gov.</u>**

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Notice of Final Action was received within five (5) calendar days after it was mailed. I certify that on this March 16, 2005 this "Notice of Final Action" was mailed to the following parties:

Administrative Judge, Varice Ted Henry
1801 L Street, N. W., Suite 200
Washington D.C. 20005

Richard Miller
1515 Arlington Ridge Road
Arlington, VA 22202

Denise M. D' Avella
NTSB General Counsel's Office
490 L' Enfant Plaza East, SW
Washington, D.C. 20594

Title Date:  Final Action 03/16/05
Enclosures: EEOC Form 573
Certificate of Service

Attachments:

Copy of the EEOC Order of Dismissal dated February 08, 2005 issued by Administrative Judge, Varice Ted Henry

For the Board:                          *Fara D. Guest*
                                        Fara D. Guest
                                        EEO Director,
                                        03/16/05


CC : NTSB  General Counsel Office

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| Richard L. Miller,<br>  Complainant,<br><br>     v.<br><br>Ellen Engleman Conners,<br>Chairman,<br>National Transportation Safety Board,<br>NATIONAL TRANSPORTATION SAFETY<br>BOARD,<br>  Agency. | ) EEOC No.  100-2004-00685X<br>) Agency No. 300-AO-2020<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date:    February 8, 2005 |

## ORDER OF ENTERING JUDGMENT

  For the reasons set forth in the enclosed Decision judgment in the above-captioned matter is hereby entered. A Notice to the Parties explaining their appeal rights is attached to the Decision.

  This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval by calling Kimberly Byrd at (202) 419-0705.  If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

  For timeliness purposes it shall be presumed that the parties received the foregoing Decision within five (5) business days after the date they were sent via first class mail.

        It is so ORDERED.

        Vanice Ted Henry
        Administrative Judge
        (202) 419-0717
        (202) 419-0701 Fax

To:

**Richard L. Miller**
**1515 Arlington Ridge Road**
**Arlington, VA 22202**

**Denise M. D'Avella, Esq.**
**NTSB**
**490 L'Enfant Plaza, SW**
**WDC 20594**

**2-314-6086**
**2-314-6090 FAX**

**Fara Guest**
**EEO Director**
**National Transportation Safety Board**
**Washington, D.C. 20594**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Washington Field Office**
**1801 L Street, N.W., Suite 200**
**Washington, D.C. 20005**

| | |
|---|---|
| Richard L. Miller, | ) EEOC No.  100-2004-00685X |
| Complainant, | ) Agency No. 300-AO-2020 |
| | ) |
| v. | ) |
| | ) |
| Ellen Engleman Conners, | ) |
| Chairman, | ) |
| National Transportation Safety Board, | ) |
| NATIONAL TRANSPORTATION SAFETY BOAR, | ) |
| Agency. | ) |
| | ) |
| | ) Date:  February 8, 2005 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2000).  This office issued an Acknowledgment Order on September 23, 2004.  The Agency filed its Agency Motion for Summary Judgment and Dismissal on January 7, 2005(Agency Motion).  Complainant failed to file a response to the Agency's Motion for Summary Judgment.

## ISSUE

The issue is whether the Agency discriminated against Complainant in reprisal for his prior EEO activity when:

1.  He claimed that everyone in the CFO's Office received a plaque and a higher cash award than he did for switching form an old to a new accounting system as an act of reprisal against him.
*Report of Investigation (ROI)* at Ex. C -1.[1]

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus.*

---

[1]On December 20, 2004, I GRANTED the Agency's Motion to Dismiss 9 of Complainant's original 10 accepted claims. The remaining claim, which is the subject of this Decision, was annotated as claim "g" in the Agency's original partial acceptance of the claims in Complainant's formal complaint. *See Hearings Record.*

-1-

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the agency did not discriminate against Complainant.

## ANALYSIS

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing. Summary judgment in favor of the Agency is therefore appropriate for the reasons stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The Agency Motion points out that Complainant failed to establish a *prima facie* case of reprisal because he failed to provide credible evidence of any nexus between the Agency's action(s) and his protected EEO activity. *Agency Motion* at 10-12. The Agency Motion goes on to accurately indicate that Complainant failed to adequately rebut the Agency's articulated, non-discriminatory reasons for its actions, i.e., Complainant was given the same award amount as a similarly situated non-supervisory GS-14 coworker and his award was based upon his relative level of involvement in the project at issue. *Id.* at 4-5, 11-12. Finally, the record reflects that Complainant received an additional performance award of $2,000.00 in December, 2002. *Id.*

Complainant has failed to set forth adequate material evidentiary facts that support his/her allegations of discrimination. Conclusory assertions that the agency's intention(s) and motivation(s) are

-2-

questionable are not enough to withstand a summary judgment motion. *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365(4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant's claim that s/he was discriminated against. Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

**Varice F. Henry**
**Administrative Judge**

-3-

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

-4-

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848

Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____ Yes; Date Received _____ (Remember to attach a copy) <br> _____ No <br> _____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the | _____ No <br> _____ Yes (Indicate the agency or procedure. |

| EEOC, another agency, or through any other administrative or collective bargaining procedures? | complaint/docket number, and attach a copy, if appropriate) |
|---|---|
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___ No<br>___ Yes (Attach a copy of the civil action filed) |

NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | |
|---|---|
| Date: | |

**EEOC Form 573 REV 1/01**

---

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:
The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036