UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-2478 (GK) |
| MARK V. ROSENKER, Chairman NATIONAL TRANSPORTATION SAFETY BOARD | * | Electronic Case Filing |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>**

Now comes Plaintiff, Richard Miller, by and through his undersigned attorneys from the Law Offices of Snider & Associates, LLC, and moves to oppose the Defendant's Second Motion to Dismiss or for Summary Judgment, on the grounds that the Plaintiff did timely file his appeal to the Equal Opportunity Commission Office of Federal Operations. Further grounds for this opposition are set forth in the following Memorandum of Law.

Respectfully Submitted,

_____/s/_____
Michael J. Snider, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21208
Phone: 410-653-9060
Fax: 410-653-9061
Email: mike@sniderlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MILLER,

    Plaintiff,

v.

MARK V. ROSENKER, Chairman
NATIONAL TRANSPORTATION
SAFETY BOARD

    Defendant.

*  *  *  *  *  *  *  *  *  *  *  *

Case No. 05-2478 (GK)

Electronic Case Filing

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Now comes Plaintiff, Richard Miller, by and through his undersigned attorneys, and through this memorandum of law moves to oppose the Defendant's second motion to dismiss or for summary judgment.

### MATERIAL FACTS IN DISPUTE

The Plaintiff takes issue with the following facts alleged in the Defendant's Second Motion to Dismiss.

1. According to EEO Regulations, a Plaintiff is presumed to have received a pleading five (5) days after delivery. 29 CFR § 1614.604. Therefore, while the Final Agency Decision was filed on March 16, 2005, the Plaintiff is presumed to have received it on March 21, 2005.

2. The five (5) day presumption is however, a rebuttable one. In fact, the Plaintiff did not receive the Final Agency Decision until March 23, 2005. See Affidavit of Richard Miller.

2

## THE APPLICABLE LEGAL STANDARD

### A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM CANNOT SUCCEED IF THE COMPLAINT ON ITS FACE ALLEGES FACTS THAT IF PROVEN JUSTIFIES JUDICIAL RELIEF.

In *Carpenter v. County School Bd.*, 107 Fed. Appx., 351 (4th Cir. 2004), the court stated:

> A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that a Plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The factual allegations set forth in the complaint must be accepted as true, *Zinermon v. Burch*, 494 U.S. 113, 118, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990), and we must view those allegations in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). This court's inquiry on appeal is solely whether the "pleadings adequately state a set of facts which, if proven to be true, would entitle [the Plaintiff] to judicial relief." *Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 772 (4th Cir. 2003).

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the Plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the Plaintiff."  *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 117-118 (4th Cir. 2004), *citing*, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In the case at bar, Plaintiff has made a well plead allegation, and the complaint should not be dismissed, pursuant to 12(b)(6), for failure to state a claim.

**A MOTION FOR SUMMARY JUDGMENT MUST BE DISMISSED IF THERE ARE GENUINE ISSUES OF MATERIAL FACTS OF CONSEQUENCE IN DISPUTE.**

Rule 56(c) of the Rules of the Court of Federal Claims provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Summary judgment is a drastic remedy which should be granted cautiously. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-2514 (1986) ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment....").

On a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are" for the trier of fact. *Id.*, 477 U.S. at 249-255. Thus, competent and specific evidence by a single declarant may create a triable issue as to a material fact although opposed by many other declarations to the contrary. *United States v. One Parcel of Real Property*, 904 F.2d 487, 491-92 (9th Cir. 1990).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, 477 U.S. at 255. "At the summary judgment stage, the nonmovant's version of any disputed issue of fact is presumed correct." *Eastman Kodak Co. v. Image Technical Services, Inc.*,

504 U.S. 451, 112 S.Ct. 2072 (1992). Even if the underlying facts are undisputed, if reasonable minds could differ on the inferences to be drawn from those facts, summary judgment should be denied. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970).

The United States Supreme Court has stated that summary judgment is appropriate only where the trier of fact determines that, given applicable substantive law, no genuine issue of material fact exists. *Liberty Lobby*, 477 U.S. 242, 255 (1986). An issue is "genuine" if the evidence is such that a reasonable fact-finder could find in favor of the non-moving party. *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). In the context of an administrative proceeding under Title VII, summary judgment is appropriate if, after adequate investigation, one of the parties has failed to establish the essential elements of his/her case. *Spangle v. Valley Forge Sewer Authority*, 839 F.2d 171, 173 (3d Cir. 1988). In response to a motion for summary judgment, the trier of fact's function is **not to weigh the evidence** and render a determination as to the truth of the matter, but **only to determine** whether there exists a genuine factual dispute. *Anderson*, 477 U.S. at 248-49.

The courts have been clear that summary judgment is not to be used as a "trial by affidavit." *Redmand v. Warrener*, 516 F.2 766, 768 (1st Cir. 1975). Initially, it is the burden of the Plaintiff to establish that there is some substance to his/her allegation of discrimination. In order to sustain this burden, the Plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Furnco Construction Co. v. Waters*, 438 U.S. 567

(1978). This means that the Plaintiff must present a body of evidence such that, were it not rebutted, the trier of fact could conclude that unlawful discrimination did occur.

Discrimination cases generally turn on circumstantial evidence. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987), *cert. denied*, 484 U.S. 979 (1987). A presumption of discrimination arises when a prima facie case is established. This means that the Plaintiff must present a body of evidence such that, were it not rebutted, the trier of fact ***could conclude that unlawful discrimination did occur.*** In the present case Plaintiff can establish a **prima facie** case of discrimination on the bases of age, gender and retaliation.

The Supreme Court has held that once the Plaintiff establishes a prima facie case, the defendant must then produce evidence that it took the action for a legitimate, non-discriminatory reason. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). If the defendant fails to meet its burden, judgment must be entered in favor of the Plaintiff as a matter of law. If the defendant is able to meet its burden, the Plaintiff may show that the defendant's proffered reasons are pretextual. Once the factfinder finds that the proffered reasons are pretext, it may find discrimination. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3rd Cir. 1996)(en banc), *cert denied*, – U.S. –, 128 L.Ed.2d 1031 (1997). The factfinder need find only that the discriminatory or retaliatory motive was a substantial motivating factor to find that the employer is liable.

In order to prevail, Plaintiff must show that the agency's reasons for its actions were a pretext to mask discrimination, either because the agency more

6

likely had a discriminatory motive, or because the stated reasons **lacked credibility**. In *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248 (1981)(emphasis added)**:**

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the Plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons. See Sweeney, supra, at 25. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the Plaintiff. [450 U.S. 248, 255] To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the Plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the Plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the [450 U.S. 248, 256] Plaintiff will have a *full and fair opportunity to demonstrate pretext*. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

The Plaintiff retains the burden of persuasion. He now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that he has been the victim of intentional discrimination. He may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *See McDonnell Douglas*, 411 U.S., at 804 -805."

This case should be not be dismissed as Plaintiff has established the *prima facie* elements necessary for his age, gender and reprisal claims, and as will be discussed below should be granted equitable tolling with regards to being one day late in his appeal.

## ARGUMENT

### THE PLAINTIFF WAS ACTING *PRO SE* AT THE TIME OF HIS APPEAL, AND SHOULD BE GRANTED EQUITABLE TOLLING FOR BEING ONLY ONE DAY LATE

Defendant alleges in his Motion to Dismiss that because of the procedural safeguards surrounding exhaustion of administrative remedies, Plaintiff should be barred from proceeding in this case.

Plaintiff did not receive the Final Agency Decision ("FAD") until April 23, 2005, and filed his appeal with the EEO on May 23, 2005. While this was technically one day after the 30 days, a Pro Se litigant should be afforded extra leeway to have a full and fair opportunity to defend himself.

The Title VII statutes of limitations have been held to be, not a jurisdictional requirement; but rather a waivable requirement subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 394, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1983). Additionally, statutory time limits applicable to public employers are subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

This court has held that the time to contact an EEO Counselor is subject to equitable tolling, and not jurisdictional. *Jarrell v. United States Postal Service*, 243 U.S. App. D.C. 350 (D.C. Cir. 1985). While the issue in this case is about the

timeframe for filing an appeal, and not for contacting an EEO Counselor, the two are related and thus, the time for filing an appeal to the EEO should also subject to equitable tolling.

To be afforded the extra time to file through equitable tolling, Plaintiffs' must have "exercised due diligence, and the [Plaintiffs'] excuse must be more than a garden variety claim of excusable neglect." *Baker v. Henderson*, 150 F. Supp. 2d 17, 22 (D.D.C. 2001).

Here the Plaintiff was just <u>one</u> day late. The FAD was received on April 23, and the appeal was filed on May 23. While that time difference is 31 days, a *Pro Se* litigant should be entitled to rely on the "calendar day to calendar day" as believing that that timeframe is 30 days. In fact, while the Appellant was <u>prepared</u> to mail the appeal on May 22, which would have been day 30, he waited until the next day to send the appeal via certified mail, rather than just drop the appeal in the mailbox on Friday evening. See **Affidavit of Richard Miller**. This was excusable neglect and Plaintiff, who was *pro se* at the time, should not be punished.

### **PLAINTIFF'S ALLEGATIONS OF AGE AND GENDER DISCRIMINATION ARE "LIKE OR SIMILAR" TO THE ALLEGATIONS OF REPRISAL MENTIONED IN THE FORMAL EEO COMPLAINT**

The Defendant alleges that it is impermissible for Plaintiff to claim age and/or gender discrimination in his District Court Complaint because he did not mention these allegations in his EEO Complaint.

While Plaintiff does not argue with that analysis generally, the claims that Plaintiff is claiming in his District Court Complaint are like and similarly related to

9

his original retaliation claim. In the Plaintiff's formal EEO Complaint he alleged reprisal, based on prior protected EEO activity. The prior protected activity was complaints based on age and gender. Therefore, the Complaint currently before this court is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the denial of Defendant's Motion to Dismiss or in the alternative for Summary Judgment.

Respectfully Submitted,

\_\_/s/_____
Michael J. Snider, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff