# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                 )

**RICHARD MILLER,**                )
                                 )

             **Plaintiff,**         )

             **v.**                      )     **Civil  Action  No. 05-2478 (GK)**
                                 )     **Electronic Case Filing**

**MARK V. ROSENKER, Chairman**  )
**NATIONAL TRANSPORTATION**   )
**SAFETY BOARD**                 )
                                 )

            **Defendant.**       )
_____)

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
## SECOND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

With respect to the retaliation claims raised in Count 2 of the amended complaint, plaintiff's opposition concedes plaintiff "technically [filed his appeal of the Final Agency Decision] one day after the 30 days" allowed.  Pl.'s Opp. at 8; see also id. at 9 ("Plaintiff was just one day late.") (emphasis in original).  Plaintiff asks the Court to excuse his dilatoriness because he was representing himself at the time he took the appeal to the Equal Employment Opportunity Commission's Office of Federal Operations.  Because that is not a sufficient reason for application of any equitable doctrine to excuse his tardiness, plaintiff's opposition actually demonstrates that defendant's motion should be granted with respect to his retaliation claims. Moreover, plaintiff's argument that the wholly unexhausted age and gender claims in Count 1 of the amended complaint should survive because they are sufficiently like or similar to his retaliation claims should also be rejected.  Once again, having conceded the operative facts and the applicable analysis, plaintiff's theory of constructive notice in the administrative process falls far short.  Accordingly, this entire case should be dismissed.

**Retaliation Claims**

The law is clear that an employee's compliance with all administrative procedures and timelines is mandatory.  See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"). "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day."  Wiley v. Johnson, 436 F.Supp.2d 91, 96 (D.D.C. 2006), citing Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997).  Although the requirement of filing a timely appeal is subject to waiver, estoppel, and equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392 (1982), the circumstances here do not qualify for any of these.  Defendant has not waived his exhaustion defense because he has raised it in his initial response to the amended complaint. Plaintiff has failed to identify any conduct by defendant which could possibly satisfy the elements for estoppel.  Therefore, plaintiff's plea for one additional day requests equitable tolling of the deadline for filing his appeal to the EEOC.

As a matter of fact, plaintiff missed the filing deadline by more than one day.  In his affidavit, plaintiff states that he received the final agency decision on April 23, 2005.  See Affidavit of Richard Miller, ¶ 4.  But plaintiff's opposition asserts that the correct date was March 23, 2005.  See Pls.' Opp. at 1.[1]  This confusion is dispelled by the Track and Confirm receipt from the agency's files which demonstrates that the final agency decision was delivered on March 19, 2005.  See Declaration of Kowanna Parran, ¶¶ 3-8 (attached as Exhibit 1).

---

[1] Elsewhere in his opposition, plaintiff suggests that he did not receive it until April 23, 2005.

Accordingly, regardless of what plaintiff might mean when he uses the term "received," the decision was in fact received within the five day window presumed, and plaintiff was more than one day late in filing his appeal because the time starts to run when the decision is delivered.[2] So, rather than being just one day late, plaintiff was at least five days late because, in order to be timely, plaintiff's appeal had to be filed by April 18, 2005 and he did not get it postmarked until April 23, 2005. See Guest Dec. Exh B.

Regardless of whether he was one day late or more, plaintiff fails to demonstrate that equitable tolling of the deadline would be appropriate under even the facts set forth in his opposition. Equitable tolling of time deadlines that operate like a statute of limitations is permissible only in narrowly tailored circumstances. Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 95-96 (1990) ("federal courts have typically extended equitable relief only sparingly.... We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"). Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with this requirement. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a statute of limitation, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v.

---

[2] See Simkins v. WMATA, 2 F. Supp. 2d 52, 57 (D.D.C. 1998) (delivery of certified mail triggers the running of the time period); see Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (limitations period in a Title VII action started when Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pick-up, and not when the letter is actually picked up); Million v. Frank, 47 F.3d 385 (10th Cir. 1995) (receipt of notice of right-to-sue letter by former federal employee's wife triggered start of the limitations period); Rowe v. Sullivan, 967 F.2d 186 (5th Cir. 1992) (same); Hunter v. Stephenson Roofing, Inc., 790 F.2d 472 (6th Cir. 1986) (actual receipt of notice of right-to-sue letter is not required to commence running of the 90-day filing period).

District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted).

In Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (*per curiam* ), the Supreme Court stated that equitable tolling would be proper in "a case in which a claimant has received inadequate notice, ... or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she ha[s] done everything required of her ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Id. at 151; see Bowden, 106 F.3d at 438 ("courts have excused parties, particularly those acting *pro se,* who make diligent but technically defective efforts to act within a limitations period, . . . . who were misled about the running of a limitations period, whether by an adversary's actions, . . . by a government official's advice upon which they reasonably relied, . . . or by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period," or "when complainants neither knew nor had reason to know about the limit") (citations omitted).[3]

Here, nothing in plaintiff's opposition would permit the Court to find that plaintiff had acted diligently, and nothing suggests that the notice advising him of his right to file the appeal

---

[3]  See also Glenn v. Williams, 2006 WL 401816, slip op. at 10 (D.D.C. Feb 21, 2006) ("The four circumstances this Circuit has recognized in which a court may properly allow for equitable tolling in Title VII cases are where a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.") (citing Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir.1988)).

was in any way defective.  Importantly, plaintiff makes no allegation that any party acted in a manner so as to mislead him as to his rights and duties, nor does he claim that he was unaware of his rights and responsibilities under Title VII.  Rather, plaintiff's previous involvement in the EEO process supplied the knowledge and experience and understanding of the process and the applicable deadlines such that the time for filing may not be extended.  Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.), aff'd 1998 WL 545420 (D.C. Cir.), cert. denied, 525 U.S. 915 (1998) (knowledge of EEO rights precludes tolling of the limitations period).  Plaintiff simply asks for forbearance because he was not represented by counsel at the time he took his appeal, but similar pleas are routinely rejected.  Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely *pro se* Title VII complaint untimely filed on 91st day); Tyler v. Henderson, No. 00-60 (RWR), 2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely Title VII claims filed on 94th day).  Compare Smith-Haynie v. District of Columbia, 155 F.3d 575, 578-79 (D.C. Cir. 1998) (affirming grant of summary judgment where Title VII action was filed on 92nd day).  The same result – dismissal – should obtain here particularly because the circumstances presented in plaintiff's opposition were not outside of his control and it appears that he simply was not diligent in pursuing his rights.  In Irwin, the Supreme Court held that: "federal courts have typically extended equitable relief only sparingly. . . .  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. at 96; see also National R.R., 536 U.S. at 113 (equitable tolling doctrine to be "applied sparingly"); Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir.1988) (tolling power only to be exercised in extraordinary and circumscribed circumstances).  This Court explicitly has held that equitable tolling will not be

permitted for "a 'garden variety claim of excusable neglect.'" Bowdre v. Richardson, 131 F.

Supp. 2d 179, 185 (D.D.C. 2001) (quoting Irwin, 498 U.S. at 96).

While dismissal of plaintiff's case due to his own folly may seem harsh, the Supreme

Court's language from Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984), dictates

that result:

> Procedural requirements established by Congress for gaining access to the federal
> courts are not to be disregarded by courts out of a vague sympathy for particular
> litigants. . . . In the long run, experience teaches that strict adherence to the
> procedural requirements specified by the legislature is the best guarantee of
> evenhanded administration of the law.

Id. at 152. Accordingly, plaintiff's untimely filing of his administrative appeal should not be

excused. Irwin, 498 U.S. at 96 (equitable tolling does not apply to "garden variety" forms of

excusable neglect in Title VII cases). Otherwise, plaintiff in this case and future plaintiffs would

have a means to extend the limitations period indefinitely as long as they decided to represent

themselves. Such nullification of the 90 day requirement would impose substantial prejudice on

the defendant in this case as well as in future cases.

Further, to the extent that "prejudice to the defendant" is to be a considered in applying

equitable tolling, it enters "the calculus only if another factor first provides the essential

underpinning for equitable tolling" and is not, on its own, to be considered a factor. Dougherty

v. Barry, 869 F.2d 605, 613 (D.C. Cir. 1989). "Thus, the Plaintiff will not be afforded extra time

to file without exercising due diligence, and the plaintiff's excuse must be more than a garden

variety claim of excusable neglect." Battle v. Rubin, 121 F. Supp.2d 4, 8 (D.D.C.2000) (citing

Irwin at 96). Here, plaintiff has failed to make any demonstration of any factors set forth by any

court to warrant the equitable tolling of the filing deadline for his civil action, and Count 1 of his Amended Complaint should be dismissed as untimely.

**Gender and Age Discrimination Claims**

Defendant's motion demonstrated that plaintiff had never raised claims of age or gender discrimination at the administrative level with respect to the subject of his amended complaint. See Def.'s Mem. at 8-11. Plaintiff's opposition implicitly admits that plaintiff never raised claims based on his gender or age which are the subject of his complaint because he argues only that his previous administrative claims of gender and age discrimination placed the agency on some sort of constructive notice, apparently for all time, of future claims on those same grounds. There is no constructive notice provision in Title VII or the cases applying the statute, and allowing such a concept to creep in by osmosis when any claim of retaliation is filed would subvert the entire administrative scheme and turn the exhaustion requirement on its head. This is contrary to, among other things, National Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 105 (2002) (requiring separate exhaustion of all discrimination and retaliation claims), and Park v. Howard University, 71 F.3d 904, 908 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996) (emphasizing the specificity requirement in administrative charges).

Defendant's memorandum cited several authorities supporting the requirement of specificity in the administrative charge. See Def.'s Mem. at 9-11. This requirement promotes the goals of Title VII by allowing the agency to fully investigate the alleged violation. In general, a charge of retaliation results in a very different investigation than a charge of age or gender discrimination. Instead of investigating whether the employee had previously engaged in protected activity and whether the alleged wrongdoer was aware of plaintiff's prior EEO activity

and took adverse action because of it, a person investigating an age and gender allegation would focus on whether the alleged wrongdoer treated female and/or younger employees differently under otherwise similar circumstances.

Plaintiff responds to the legal authorities cited by defendant in support of his motion by ignoring them. His opposition fails to distinguish or even mention a single one of these cases. Plaintiff merely states in a conclusory fashion that age and gender were the bases of the prior claims he raised in the administrative process. Because plaintiff admits that he failed to raise gender and age with respect to any of the current claims which form the basis of Count 1, the filing of previous charges containing claims -- which at most would be merely background -- is not enough to exhaust his administrative remedies with respect to age and gender claims in the case currently before the Court. And, while it is true that courts generally apply a lenient standard to administrative complaints filed by pro se employees, courts do so, when appropriate, in order to avoid placing "a heavy technical burden on 'individuals *untrained in negotiating procedural labyrinths*.'" Park, 71 F.3d at 907 (emphasis added). In the case at bar, that rationale is inapplicable. Plaintiff had previously engaged in the EEO system and he is a well-educated person who had occupied a GS-14 level position as a Financial Management Specialist for several years at the agency until his removal. See Am. Compl. ¶ 7. Block 13 of the form provides spaces to be checked to indicate the basis of the administrative complaint, and identifying the type of claim can, therefore, hardly be deemed to be difficult or a "procedural labyrinth." See Exhibit 2 (plaintiff's administrative complaint). Plaintiff checked only the box for reprisal. Id. Beyond that, plaintiff's relative sophistication is evidenced in his own detailed explanation of his claims in thirteen single-spaced, typewritten pages he appended to the form.

See id.  There, plaintiff complained about actions he believed were retaliatory and a work environment he perceived as hostile based on his prior protected activity.  Id.  Thus, there is no reason whatsoever to infer the existence of claims not specifically raised in the formal administrative complaint.

Finally, "lenient" does not mean non-existent, as plaintiff would have it.  To the contrary, the D.C. Circuit has instructed that "[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process."  Parks, 71 F.3d at 907.  As the Court elucidated, "'[t]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge . . . would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship.'"  Id. at 908 (internal quotation omitted).  This is precisely what Plaintiff is attempting to do here, and the Court should not countenance such game playing with important rights on both sides.  He did not make the gender and age discrimination claims during the formal administrative process thereby depriving the agency of an opportunity to adjudicate, and possibly resolve, those claims.  He now seeks to make these claims for the first time in this Court.  That is impermissible.  Compare Siegel v. Kreps, 654 F.2d 773, 777 (D.C. Cir. 1981) (affirming dismissal of religious discrimination claim dealing with events which post-dated complainant's administrative complaint).  Accordingly, because plaintiff admits that he never exhausted the age and gender claims in Count 1 of the amended complaint, defendant's motion should be granted and those claims dismissed.

**CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the Court dismiss this case or enter judgment in his favor based on plaintiff's failure to exhaust the required administrative remedies properly, timely, and completely.

Dated: September 29, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar No. 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161