UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK V. ROSENKER, Chairman, )<br>National Transportation Safety Board )<br>)<br>Defendant. )<br>) | Civil Action Nos. 07-0562 (GK)<br>06-1074 (GK)<br>05-2478 (GK) |

**RESPONSE TO PRO SE EMERGENCY MOTION
FOR COURT APPOINTED COUNSEL**

Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency"), submits this response to Plaintiff's latest Pro Se Emergency Motion for Court Appointed Counsel ("Motion"). Although the NTSB does not take a position on pro se Plaintiff's Motion, it felt obliged to present the following information for the Court's consideration of Plaintiff's Motion.

*First*, in Civil Action No. 05-2478 ("*Miller I*"), Plaintiff at the outset of his case sought court appointed counsel. *See Miller I*, Civ. A. No. 05-2478, Docket Entry No. 4. After considering Plaintiff's application, the Court, by Order dated April 10, 2006, denied Plaintiff's application, concluding:

> The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, Plaintiff's pro se representation to this early point in the proceedings, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. See Local Civil Rule 83.11 (b)(3) (as amended Nov. 19, 2001). The Court has also taken into consideration the very limited pro bono resources available to

>it. After carefully reviewing and weighing these factors, the Court concludes that appointment of counsel is not warranted at this time.

See *Miller I*, Civ. A. No. 05-2478, Docket Entry No. 5. Plaintiff late last year again moved the Court to appoint counsel in *Miller I*, which the Court denied by Order dated September 26, 2007. *See id.* at Docket Entry Nos. 33, 34.

*Second*, in both *Miller I* and Civil Action No. 06-1074 ("*Miller II*"), dispositive motions have been fully briefed. Such dispositive motions may dispense with any need for further activities in *Miller I* and *Miller II*.

*Third*, based upon the limited information provided by Plaintiff in his Motion and applications to proceed *in forma pauperis*, Defendant is unable to ascertain whether Plaintiff meets the criteria for Court appointed counsel under the local rules. For example, Plaintiff has failed to explain how his circumstances have changed since the Court last rejected his application to appoint counsel on the merits in September 2007, and to provide information concerning his reported income for the 2007 tax year.

Dated: May 23, 2008
      Washington, DC

                                Respectfully submitted,

                                JEFFREY A. TAYLOR, D.C. BAR #498610
                                United States Attorney

                                  /s/
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2008, a true and correct copy of the above Response to Pro Se Emergency Motion for Court Appointed Counsel with supporting materials was served upon Pro Se Plaintiff Richard Miller, by first class United States mail, postage prepaid, to:

>Richard Miller
>1515 S. Arlington Ridge Rd., #304
>Arlington, VA 22202

Respectfully submitted,

_____/s/_____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov