UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
RICHARD MILLER,                )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil Action No. 05-2478 (GK)
                               )
MARK V. ROSENKER, Chairman,    )
NATIONAL TRANSPORTATION        )
SAFETY BOARD,                  )
                               )
         Defendant.            )
_____)
```

### MEMORANDUM OPINION

Plaintiff Richard Miller brings this action against Defendant Mark V. Rosenker, in his official capacity as Chairman of the National Transportation Safety Board ("NTSB"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count I), and retaliation for Plaintiff's previous Equal Employment Opportunity ("EEO") complaints (Count II).

This matter is before the Court on Defendant's Second Motion to Dismiss, or, in the Alternative, for Summary Judgment [**Dkt. No. 18**]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Second Motion to Dismiss [**Dkt. No. 18**] is **granted**.

**I.    BACKGROUND**[1]

Plaintiff filed a formal complaint of discrimination with the NTSB[2] on December 17, 2002 alleging that he was suffering retaliation for his previous EEO activity.  Plaintiff's formal complaint was revised and re-submitted to the NTSB on March 20, 2003.  In his revised formal complaint, Plaintiff alleged that he had been subjected to a continuous pattern of reprisal for his participation in previous EEO activity in January 2002.

The NTSB accepted ten claims of retaliation for investigation on May 23, 2003.  On December 20, 2004, an Administrative Judge dismissed nine of those ten claims and, on February 8, 2005, an Administrative Judge granted the Agency's motion for summary judgment on the tenth claim.  On March 16, 2005, the NTSB issued a Final Agency Decision dismissing Plaintiff's discrimination complaint and notifying him that an appeal to the Commission of this decision must by filed within 30 days of receipt of the Final Agency

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. <u>Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.</u>, ___ F.3d ___, 2008 WL 1932768, at *6 (D.C. Cir. Apr. 29, 2008).  Therefore, the facts set forth herein are taken from Plaintiff's Amended Complaint unless otherwise noted.

[2] Plaintiff's Amended Complaint alleges that he filed his formal and revised complaints with the EEOC.  The Declaration of Fara D. Guest and supporting documents [**Dkt. No. 9**] demonstrates that Plaintiff filed his complaint with the NTSB.  To avoid further confusion, the Court will hereafter refer to the agency with which Plaintiff filed his complaint as the NTSB.

Decision. Plaintiff filed a Notice of Appeal which was postmarked April 23, 2005, and the Equal Employment Opportunity Commission's Office of Federal Operations dismissed the appeal as untimely on October 12, 2005.[3]

Plaintiff filed this action on December 28, 2005.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. At 1969.

Under the standard set out in Twombly, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success...must assume all the allegations in the complaint are true (even if doubtful in fact)...[and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Atkieselskabet AF 21. November 2001 v. Fame Jeans Inc., __ F.3d __, 2008 WL 1932768, at *6 (D.C. Cir. Apr. 29, 2008) (internal quotation marks and citations omitted).

---

[3] The facts set forth in this paragraph are undisputed and taken from Defendant's Second Statement of Material Facts Not In Genuine Dispute, submitted pursuant to Local Civil Rule 7(h).

**III. ANALYSIS**

    **A.  The Administrative Appeal Was Not Filed Within the Thirty Day Period Required by EEOC Regulations**

Once Plaintiff received the Final Agency Decision denying his discrimination complaint, he had two options to appeal the decision under the applicable regulation: (1) to file a civil action in federal court within ninety days of the receipt of the decision; or (2) to timely file an administrative appeal with the EEOC and, if more than 180 days passed without a decision regarding his appeal, to then file a civil action in federal court.  29 C.F.R. § 1614.407.  More than ninety days had elapsed between the plaintiff's receipt of the Final Agency Decision and his filing of his complaint in this Court. Therefore, for the Plaintiff to have timely filed his claim in federal court, his administrative appeal with the EEOC must have been timely filed.

In order to be timely filed, an administrative appeal to the Final Agency Decision must be postmarked within 30 days of receipt of the decision.  29 CFR § 1614.402.  Both parties agree that Plaintiff's appeal was at least one day late.[4]  Plaintiff's appeal to the EEOC was therefore untimely.  Accordingly, in order for his administrative appeal to avoid being time barred, the doctrine of equitable tolling must be applied.

---

[4] April 23, 2006, the day on which Plaintiff's appeal was postmarked, is 31 days after Plaintiff claims to have received the Final Agency Decision.

**B. The Application of Principles of Equitable Tolling Is Not Appropriate in this Case**

The time restrictions present in Title VII are not jurisdictional and are subject to principles of equitable tolling. Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). However, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Id. Such instances include where (1) "a claimant has received inadequate notice," (2) "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," (3) "where the court has led the plaintiff to believe that she had done everything required of her," or (4) "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon." Id.

Equitable tolling does not apply "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The plaintiff has the burden of pleading and proving any equitable reasons for his or her failure to comply with Title VII's time requirements. Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982).

In this case, Plaintiff claims that he believed the appeal was required to be sent via certified mail, which can only be done while the post office is open for business. Plaintiff claims the appeal was ready to be mailed on April 22, 2006 but not until after the

post office had closed, and that he therefore waited until April 23, 2006 to mail the appeal so that it could be sent via certified mail. He also argues that his confusion concerning the calculation of the thirty day deadline was excusable given his status as a pro se plaintiff, and equitable tolling therefore applies.[5]

This argument is unpersuasive. Irwin emphasizes that equitable tolling should be applied sparingly by federal courts and expressly states that "a garden variety claim of excusable neglect" is insufficient. Irwin, 498 U.S. at 96. Plaintiff's effort to file a timely appeal does not appear to satisfy the standard of diligence set forth in Irwin. He has not argued that there is any language in the Final Agency Decision that suggest either that an appeal must be sent via certified mail or that caused him to be misled concerning the appeal deadline. Plaintiff has not argued that his notice of the administrative appeal deadline was inadequate, that he was lulled into inaction by any actions of Defendant or the Court, or that a motion for appointment of counsel was pending. Plaintiff therefore fails to fit this case into any of the circumstances described in Mondy where equitable tolling would be appropriate.

---

[5] The Plaintiff claims that he believed that the thirty-day deadline was equivalent to a calendar month. Therefore, he states in his affidavit that he understood the deadline to be April 23, 2006 - one month after he claims he received the Final Agency Decision, on March 23, 2006. April 23, 2006 is in fact 31 days after March 23, 2006.

For these reasons, Plaintiff has failed to meet his burden to came forward with any evidence showing that the delay in filing the administrative appeal was anything more than the result of neglect and lack of due diligence. Therefore, equitable tolling is not justified and Plaintiff's administrative appeal was untimely filed. Accordingly, Plaintiff failed to exhaust his administrative remedies and Plaintiff's Complaint must be dismissed.

Because this issue is dispositive of the case, the Court need not address any of the Defendant's other arguments.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Dismiss [**Dkt. No. 18**] is **granted**. An order shall issue with this Memorandum Opinion.

July 25, 2008

/s/
Gladys Kessler
United States District Judge

**Copies to: Attorneys of record via ECF**