UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK V. ROSENKER, Chairman<br>NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br><br>    Defendant. | Case No. 05-2478 (GK)<br><br>Electronic Case Filing |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59(e), Plaintiff respectfully moves for reconsideration of the Court's July 25, 2008, order dismissing this action [Dkt. No. 43]. While Plaintiff has acknowledged that he was one day late in appealing the National Transportation Safety Board's ("NTSB's") Final Agency Decision, the time limit should be equitably tolled due to Plaintiff's medical impairments at the time the appeal was to have been made.

**I.      Background**

On December 17, 2002, Plaintiff filed a formal complainant of discrimination with the NTSB.  As revised and amended on March 30, 2003, April 17, 2003, and May 6, 2003, Plaintiff's complaint alleged a continuous pattern of retaliation for previous Equal Opportunity Employment ("EEO") activity and related claims of retaliation.  (*See* Am. Compl. ¶ 3 & exhibits [Dkt. No. 15].)  After an Administrative Law Judge dismissed nine of Plaintiff's claims and granted summary judgment on the tenth, the NTSB issued a Final Agency Decision dismissing Plaintiff's discrimination complaint on March 16, 2005.  (*See* Notice of Final Action, *Miller v.*

*NTSB* [Dkt. No. 18-5].)  Plaintiff received the notice on March 23, 2005, and mailed his appeal to the Equal Employment Opportunity Commission ("EEOC") on April 23, 2005.  (*See* Affidavit of Richard Miller, Sept. 12, 2006 [Dkt. No. 20-2].)[1]

On August 23, 2006, Defendant filed his Second Motion to Dismiss or for Summary Judgment [Dkt. No. 18].  Represented by earlier counsel (Snider & Associates), Plaintiff opposed the motion on September 19, 2006 [Dkt. No. 20].  Snider & Associates withdrew as Plaintiff's counsel on April 13, 2007 [Dkt. No. 29].  On April 25, 2008, Plaintiff's present attorney was appointed as Plaintiff's pro bono counsel in *Miller v. Rosenker*, No. 07-1832, another case between these parties pending before the Court.  Counsel subsequently noticed an appearance in this action on July 10, 2008 [Dkt. No. 42].  Shortly thereafter, on July 25, the Court granted Defendant's Second Motion to Dismiss or for Summary Judgment [Dkt. No. 43] based on Plaintiff's appeal being one day late.[2]

## II.   Legal Standard

The statute of limitations under Title VII is not a jurisdictional requirement, and thus is subject to equitable tolling.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1983).  Similarly, the statutory time limits applicable to public employers are subject to equitable tolling.  *See Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 95-96 (1990).  Courts can and have tolled the

---

[1] In paragraphs 4 and 6 of his affidavit, Plaintiff inadvertently referred to the wrong months.  He received the Final Agency Decision on March 23, 2005, and was ready to mail his appeal on April 22, 2005, but was unable to do so before the post office closed.

[2] Given counsel's recent involvement in this matter, an appropriate resolution would be for the Court to vacate its order granting the motion to dismiss to permit counsel to investigate this issue fully, including through discovery, and then provide the Court with supplemental briefing.

statute of limitations "if the plaintiff because of disability . . . cannot reasonably be expected to sue in time." *See*, *e.g.*, *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996).

When considering a Rule 59(e) motion for reconsideration, the court has "considerable discretion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising that discretion, the court's charge is to "strike the proper balance" between "(1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* The court may grant a motion for reconsideration on the basis of newly submitted evidence. When weighing such evidence, the court should consider, among other factors, "the importance of the evidence to the plaintiff['s] case" and "the likelihood that the defendant[] will suffer unfair prejudice if the case is reopened." *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994).

**III.    Argument**

Plaintiff has stated that he received the Final Agency Decision on March 23, 2005, and mailed his notice of appeal to the EEOC on April 23, 2005. The statute of limitations should be equitably tolled because Plaintiff—who was without counsel at the time—was facing serious medical impairments that limited his functional capacity and provide equitable excuse for his one-day late appeal. Additionally, allowing this case to proceed will not unfairly prejudice Defendant.

At least as early as 2001, Plaintiff began receiving treatment for depression and persistent anxiety. July 31, 2005 Lamb letter, at 1 (Ex. 1). These impairments persisted and worsened due to stressors Plaintiff experienced at work, including a lack of staff support, inadequate direction from superiors, a lack of information necessary to perform his assigned tasks, deadlines, and too many projects. Oct. 11, 2005 Parkhurst letter, at 1 (Ex. 2). In May 2004, Plaintiff experienced a panic attack and began receiving bi-weekly psychotherapy treatment for anxiety disorder.

3

Mar. 5, 2005 Parkhurst letter, at 1 (Ex. 3). Additionally, injuries that Plaintiff sustained at work "markedly increase Mr. Miller's anxiety and depression." July 31, 2005 Lamb letter, at 2 (Ex. 1). They also resulted in "interrupted sleep, and lowered pain threshold, leading to stress-related conditions, including disorganization and concentration difficulty." Aug. 1, 2005 Smith letter, at 2 (Ex. 4).

The interplay of Plaintiff's unsupportive work environment and his depression, anxiety, and physical injuries was such that "beginning in May 2004 he became more and more disabled from his work," and Plaintiff's "disability from work became total in July of 2004." Oct. 11, 2005 Parkhurst letter, at 1 (Ex. 2). His impairments "kept him significantly limited in the major life activities of concentrating, sitting, sleeping, focusing, and working." Feb. 15, 2007 Parkhurst affidavit ¶ 12 (Ex. 5). Additionally, his lack of support at NTSB reached sufficient severity that Plaintiff was forced to seek EEO relief for the disability-based discrimination he experienced on the job. *See* Aug. 21, 2007 Decision, *Miller v. NTSB*, EEOC Petition No. 0320070099 (Ex. 6).

At the time Plaintiff was to file his notice of appeal from the NTSB's Final Agency Decision, he was suffering from significant physical and mental impairments that limited his ability to focus, concentrate, and work. Yet as a pro se plaintiff, Plaintiff had no assistance from counsel to ensure that he strictly meet the time requirements for filing his appeal. Given these limitations, equitable tolling of the statute of limitations for his one-day late notice of appeal is fair, appropriate, and in the interest of justice.

Furthermore, Defendant will not be prejudiced by reopening this case. Plaintiff currently has three other pending actions against Defendant based on discriminatory and retaliatory conduct. Since these cases concern the same basic time period and share many operative facts,

4

allowing this action to proceed will not add a significant burden to Defendant. Additionally, since Defendant's discriminatory and retaliatory conduct contributed to the severity of Plaintiff's physical and mental impairments (and thus his difficulty appealing the NTSB decision), the equities balance against Defendant and in favor of permitting this action to proceed.

For the foregoing reasons, Plaintiff respectfully requests that his motion for reconsideration be granted, that the Court vacate its July 25, 2008, order dismissing this action, and that it deny Defendant's Second Motion to Dismiss or for Summary Judgment.

Dated: August 8, 2008                                      Respectfully submitted,

/ s / Carl S. Nadler
Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
Phone:  202-912-2000
Fax:  202-912-2020

**CERTIFICATE OF CONFERENCE**

      This is to certify that in accordance with Local Rule 7(m), I conferred with Defendant's counsel Brian Hudak by telephone on August 7, 2008. Mr. Hudak stated the Defendant opposes the relief requested in this motion.

                                   / s /  David A. Young
                                   David A. Young

**CERTIFICATE OF SERVICE**

      I, Carl S. Nadler, hereby certify that I filed a copy of the foregoing document with the Court on August 8, 2008, through the ECF filing system, which will cause a copy to be served upon all counsel of record.

                                   / s /  Carl S. Nadler
                                   Carl S. Nadler