UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK V. ROSENKER, Chairman, )<br>National Transportation Safety Board, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2478 (GK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency"), respectfully submits this Opposition to Plaintiff's Motion for Reconsideration ("Motion"). For the reasons stated below, Plaintiff's Motion is meritless.

**PRELIMINARY STATEMENT**

Despite being represented by counsel when opposing Defendant's Second Motion to Dismiss or for Summary Judgment ("MTD") and having a full opportunity to explain why his failure to timely institute his EEOC appeal should be excused, Plaintiff now seeks reconsideration of the Court's decision to dismiss this action, which found that Plaintiff failed to timely institute his EEOC appeal. In his Motion Plaintiff's new counsel argues that Plaintiff should be entitled to equitable tolling based upon his alleged mental impairment. The argument advanced by Plaintiff's new counsel, however, is (a) based upon facts that existed and were available to Plaintiff when his old counsel opposed the MTD; and (b) predicated upon a theory that is entirely inconsistent with the facts that Plaintiff swore to in connection with such opposition. Moreover, even if Plaintiff were able to somehow overcome these insurmountable

barriers to his Motion, Plaintiff has shown no entitlement to equitable tolling based upon his alleged mental impairment because he has not shown, and cannot show, that he was medically *unable* to timely file his EEOC appeal.  In sum, Plaintiff's Motion is meritless.

## **BACKGROUND**

On December 28, 2005, Plaintiff filed his Complaint in this action.  *See* Docket Entry No. 1 ("D.1").  After Defendant moved to dismiss that Complaint (*see* D.7) and Plaintiff was warned that the Court would treat such motion as conceded if Plaintiff failed to response (*see* D.10), Plaintiff retained counsel, and on July 5, 2006, four (4) attorneys from the law firm of Snider & Associates, LLC ("Snider Law Firm") appeared in this action on Plaintiff's behalf.  *See* D.12.  Thereafter, Plaintiff, while represented by the Snider Law Firm, filed an Amended Complaint on July 21, 2006.  *See* D.15.  On August 23, 2006, Defendant filed its MTD, seeking dismissal of the Amended Complaint with prejudice based upon Plaintiff's failure to timely exhaust his administrative remedies.  Specifically, Defendant argued that Plaintiff failed to timely institute an EEOC appeal of the Final Agency Decision ("FAD") on Plaintiff's administrative complaint because he filed his EEOC appeal more than 30 days after receiving the FAD.[1]  *See* D.18.  On September 19, 2006, while represented by the Snider Law Firm, Plaintiff opposed Defendant's MTD.  *See* D.20 ("MTD Opp.").

Through Plaintiff's opposition, the Snider Law Firm argued that although Plaintiff filed his EEOC appeal one day late, his EEOC appellate deadline should be equitably tolled.  *See* MTD Opp. at 8.  Specifically, Plaintiff, through the Snider Law Firm, argued that equitable tolling was appropriate because Plaintiff was proceeding *pro se* in the administrative process and

---

[1]   Plaintiff claims to have received the FAD on March 23, 2006, making his EEOC appeal one day late.  *See* Decision at 6, n.5.  Although Defendant continues to believe that Plaintiff was deemed to have received the FAD on March 19, 2005 (when the FAD was delivered to Plaintiff), the Court astutely noted that both parties agree that Plaintiff's EEOC appeal was at least one day late.  *See* Decision at 4.

was only one day late. *See id.* at 8-9. Moreover, Plaintiff submitted an affidavit saying that he had formulated his appeal within the applicable time period and was prepared to timely mail his EEOC appeal on the 30th day, but he was unable to do so because his local post office had closed by the time he tried to mail it by certified mail. *See* Miller Aff., D.20-2 at ¶ 6. Indeed, far from arguing that he was mentally incapable of preparing and filing his EEOC appeal before the applicable deadline, Plaintiff expressly stated under oath that he timely formulated his appeal and his filing was only delayed because of a mistaken belief regarding the applicable deadline. *See id.* at ¶ 7.[2]

On September 29, 2006, while Plaintiff was still represented by the Snider Law Firm, briefing on the MTD was completed when Defendant filed his Reply. *See* D.21. By Memorandum Opinion and Order, both entered July 25, 2008 (collectively, the "Decision"), the Court dismissed this action with prejudice based upon Plaintiff's failure to timely file his EEOC appeal.

## ARGUMENT

Plaintiff has failed to articulate any legal cognizable rationale for reconsideration of the Court's Decision to dismiss this action with prejudice. Plaintiff has presented no previously unavailable facts or changes in law or circumstances that could support reconsideration. Indeed, the arguments that Plaintiff's new attorneys submit are plainly inconsistent with the arguments set forth by the Snider Law Firm in Plaintiff's opposition to the MTD.

**I.  MOTIONS FOR RECONSIDERATION ARE GREATLY DISFAVORED BY THE COURT.**

As this Court stated in the Scheduling Order, entered March 16, 2007, in this action, "[m]otions for reconsideration greatly disfavored[.]" D.23 at 4. Indeed, "[t]he Court assumes

---

[2]   Moreover, in his Affidavit, Plaintiff expressly stated that he was of "sound mind." *See id.* at ¶ 1.

that counsel have made their best and most convincing arguments in their first round of briefing[.]" *See id.* at 5.  That is, "[o]nly if the moving party presents *new facts* or a *clear error of law* which 'compel' a change in the Court's ruling will the motion to reconsider be granted." *Id., quoting New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam) (emphasis added).  Put another way, "[a] motion for reconsideration need not be granted unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Smith v. Martin*, Civ. A. No. 02-1624 (GK), 2004 WL 5577682, *2 (D.D.C. Jan. 28, 2004) (denying motion for reconsideration) (internal quotations omitted), *citing Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Applying this standard, it is clear that Plaintiff's Motion should be denied.

## II.  PLAINTIFF CITES NO NEWLY AVAILABLE FACTS OR OTHER BASES FOR HIS MOTION.

Apparently the basis for Plaintiff's Motion is that he has new counsel, and that they would have argued the MTD differently than Plaintiff's old counsel had they drafted Plaintiff's opposition to that motion.  This is not a legally viable basis upon which to seek reconsideration.  Nowhere does Plaintiff even self-servingly assert that the facts upon which his "medical impairment" argument is based were unavailable or not in the possession of Plaintiff at the time the MTD was fully briefed in the Fall of 2006 -- *i.e.*, when Plaintiff was represented by the Snider Law Firm.  Indeed, such documents appear to have been submitted in connection with one of Plaintiff's various administrative proceedings.  *See* D.45-6 (Parkkhurst Aff).  Moreover, Plaintiff does not present any other arguments why the Court's well-reasoned Decision should be disturbed.  Quite simply, Plaintiff has failed to present even a threshold basis for reconsidering the Decision.

### III. PLAINTIFF'S NEW ARGUMENTS ARE INSUFFICIENT TO DISTURB THE DECISION.

Even if the arguments of Plaintiff's new counsel were to be considered by the Court, such arguments are simply insufficient to disturb the Court's Decision and are plainly refuted by Plaintiff's prior arguments to the Court.

Equitable tolling is perhaps available when a person is mentally incapacitated or *noncompos mentis*. *See Speiser v. U.S. Dep't of Health & Human Servs.*, 670 F. Supp. 380, 385 (D.D.C. 1986) (rejecting application of tolling based upon a mental incapacity to plaintiff's Title VII administrative time periods); *Gupta v. Northrop Grumman Corp.*, 462 F. Supp. 2d 56, 60 (D.D.C. 2006) (Roberts, J.) (same as to plaintiff's ADA and Rehabilitation Act claims). However, "[e]quitable tolling based on a plaintiff's *non compos mentis* status is permitted only in carefully circumscribed instances in which a plaintiff is completely incapable of handling his affairs and legal rights." *Gupta*, 462 F. Supp. 2d at 59; *Speiser*, 670 F. Supp. at 384 (tolling available only when Plaintiff's "disability is of such a nature as to show plaintiff is unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities.") (internal quotations omitted). **Indeed, this high bar is employed to "protect defendants against specious allegations of mental incompetence advanced in efforts to save time-barred claims."** *Speiser*, 670 F. Supp. at 384, *citing*, *Basset v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1284 (D.C. Ohio 1984) (holding that equitable tolling based upon mental incapacitation is only available when plaintiff is adjudicated incompetent or is confined to an institution under a "diagnosed condition which renders him incompetent"). The EEOC itself has concluded that equitable tolling of EEO administrative time limits based upon incapacity is only available when the plaintiff is so incapacitated by the condition as to render him physically *unable* to make a timely filing. *See, e.g., Perez v. Potter*, EEOC Appeal 0120080142, 2007 WL 4480926, at *2 (E.E.O.C. Dec. 17,

2007) ("When a complainant claims that a physical condition prevents him from meeting a particular filing deadline, we have held that in order to justify an untimely filing, a complainant must be so incapacitated by the condition as to render him physically unable to make a timely filing. The same is true regarding claims of incapacity related to psychiatric or psychological conditions.") (citations omitted); *McNeal v. Nicholson*, EEOC Appeal 0120061720, 2007 WL 2350821, at *2, n.3 (E.E.O.C. Aug. 8, 2007) (same); *Brown v. Chertoff*, EEOC Appeal 0120064315, 2006 WL 3543757, at *2 (E.E.O.C. Nov. 29, 2006) (same). Applying this standard, it is clear that Plaintiff's mental impairment arguments are without merit.

Plaintiff's new counsel points to no allegations in the Amended Complaint where Plaintiff alleges that he was somehow medically *unable* to comply with the deadline for submitting his EEOC appeal. Moreover, nothing in the materials submitted with the Motion support the notion that Plaintiff was medically *unable* to file his EEOC appeal from March 23, 2005, to April 22, 2005. Indeed, Plaintiff's Affidavit submitted with his opposition to the MTD -- prepared with the assistance of prior counsel -- asserts (a) that Plaintiff was of "sound mind" and was able to formulate an appeal within the 30 day limitations period; and (b) that he simply failed to timely mail his appeal due to a miscalculation of time and an unjustified misunderstanding of the time period. *See* Miller Aff., D.20-2 at ¶¶ 6-7. Further, far from being incapable of handling his affairs, Plaintiff was able to write lengthy emails regarding his administrative claims to his EEO counselor with suggestions on what questions to ask and what documents to request of the Agency during this same period. *See* Emails, attached hereto. Clearly, Plaintiff was not medically *unable* to formulate or file an EEOC appeal during the relevant appellate period, and thus, equitable tolling based upon Plaintiff's alleged mental impairment is not applicable to this case.

**III.    DEFENDANT WOULD FACE PREJUDICE.**

Contrary to the unsupported assertions of Plaintiff's new counsel, Defendant would clearly face substantial prejudice if the Court were to grant Plaintiff's Motion based upon the meritless arguments his new counsel presents therein. Clearly, Defendant would face prejudice by being forced to expend time and resources to defend this action when Plaintiff has failed to satisfy the statutory prerequisites for suit in this Court. Further, Plaintiff's new counsel has made it clear that they intend to seek pernicious and unnecessary discovery in litigating Plaintiff's actions -- *e.g.*, discovery to support the nonsensical premise that Plaintiff was medically *unable* to file papers in one proceeding, despite at the same time being *able* to file papers in other proceedings. *See Miller v. Rosenker*, Civ. A. No. 07-0562 (GK) (D.D.C.) ("*Miller III*"), Docket Entry Nos. 17, 19. Moreover, contrary to Plaintiff's remarkable suggestions, Defendant should not be forced to defend this action simply because Plaintiff has three other meritless actions pending before this Court. *See* Motion at 4-5.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court deny Plaintiff's Motion. A proposed order is attached.

Dated: August 22, 2008
         Washington, DC

                                                            Respectfully submitted,

                                                            _____
                                                            JEFFREY A. TAYLOR, D.C. BAR #498610
                                                            United States Attorney

- 8 -

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*