Subj: **RE: EEO Counseling**
Date: 2/24/2005 2:51:43 PM Central Standard Time
From: millerr@ntsb.gov
To: SFloyd7812@aol.com

Ms. Floyd,
It is my understanding that Mr. Goldberg did dictate the move, including holding the office vacant for over a year and going to the union. Both myself and another employee requested this office previously (and I was actually in the office). It seems to me that it is obvious how I was wronged in the Congressional Affairs position. If the position had been GS-15 for many years, there was discussion about my congressional experience, then when the person retired the position was downgraded to a GS-13---that is wrong. Then I recently learned that after just a year in the position, the person was promoted to a GS-14. It is my understanding that now she is an acting GS-15. The question should be asked why GS-15, then GS-14, then GS-15. On the details, purchase card transition, and the creation of the three new positions, the Managing Director (Dan Campbell) was a principal player if not the key decision maker; additionally he has to approve the creation and the filling of these positions. Campbell should be interviewed. If he didn't make these decisions for the agency, then who did? Also, I request a copy of the Booz-Allen study be included in the Counselor's Report. This study seems to be the basis of creating Arena's position and the Acquisition position. Richard

-----Original Message-----
**From:** SFloyd7812@aol.com [mailto:SFloyd7812@aol.com]
**Sent:** Thursday, February 24, 2005 1:49 PM
**To:** Miller Richard
**Subject:** Re: EEO Counseling

Mr. Miller,
Thank you for your email. Let's revisit this after our discussion next week. I have placed a call to Mr. Hughes and I am waiting his return call. Mr. Goldberg may have sent you the email regarding your move, however, I understand that he did not dictate the terms of the move (we will discuss next week). With regard to the Congressional position - according to you, you did not apply for the position, hence no reason to talk to him about your non-selection, or otherwise. You said that management intentionally downgraded the position to disuade your interest. In addition, you informed me that you were approached several years ago regarding the position and that Ms. McCullough received the position in 04. How were you wronged in this instance? I asked you this before and you were unable to verbalize. If you are now able to articulate, please do so. With regard to the other matters you reference (i.e., details, purchase card transition, etc.) we will discuss next week. In the meantime, please feel free to respond to this email with any questions or concerns that you may have.
Thank you.
Sharon Floyd

Subj:   **RE: Official Notice to contact the assigned EEO Counselor**
Date:   1/21/2005 4:29:20 PM Central Standard Time
From:   guestf@ntsb.gov
To:     millerr@ntsb.gov

The email I sent you on January 13, 2005 (see below) was professional and direct, not nasty. I regret that you interpreted it that way.

I have re-considered your request for a face to face counseling session. In your January 14, 2005 email below, you failed to provide a "sound business reason" to commit additional travel/hotel funds to support your request for a "face to face" counseling session. Therefore, your request is denied. For further instructions on how to proceed with the counseling of your informal complaint, please refer to the attached January 13, 2005 email.

I would like to reiterate, you have the right as an applicant/employee of this agency to request counseling if you feel that you have been discriminated against. Since you decided to evoke that right, that service is being provided to you, that is if you choose to cooperate with a telephone inquiry. The facts/merits of your claim will remain the same whether they are articulated in person/telephonically. I repeat, the counselor makes no decisions with reference to the creditability/merits of your complaint of alleged discrimination.

To answer your question listed in paragraph 3 below, "requests for counseling must be made within 45 days of an incident of alleged discrimination". Please refer to the EEOC website at http://www.eeoc.gov/ for additional guidance on how EEO complaints are processed/adjudicated.

> -----Original Message-----
> From:    Miller Richard
> Sent:    Friday, January 14, 2005 2:33 PM
> To:      Guest Fara
> Subject: RE: Official Notice to contact the assigned EEO Counselor
> Sensitivity:    Confidential
>
> Fara,
> What a nasty email. Though our discussions and emails in the last EEO counseling, you were well aware that I thought that EEO Counseling was important enough to have a face to face meeting with the counselor. The last counselor didn't want to drive the 60 miles or whatever for the face to face counseling. Surely there is one closer than Dallas, Texas.
> This is starting off very poorly if the counselor reported back to you that I refused to cooperate. It is also incorrect to say I refused to cooperate because I said I had a right. I said that I thought EEO Counseling was important and should have a face to face meeting. I also stated that some things can be handled over the phone but that I try to do important meetings face to face. When you are looking at someone, you can generally understand whether or not both parties are on the same understanding track. You can also review pertinent pieces of information. This information already seems to be reported wrong—I am not planning to observe the counselor's body—but it seems the counselor has already decided such and that I am uncooperative. Plus, she reports it back to management. I told the counselor I would discuss with you which I attempted to do with you in the hall but you seemed to be aavoiding me.
> I have asked several employees and not found one that has been denied a face to face counseling session. I request a face to face meeting with the counselor.
> Is it not the date complainant requests counseling (Nov 17) that determines the 45-day limit?
> Please also forward me a copy of the form to request time to work on this meeting.   Richard
>
>    -----Original Message-----
>    From:    Guest Fara
>    Sent:    Thursday, January 13, 2005 2:24 PM
>    To:      Miller Richard
>    Subject: Official Notice to contact the assigned EEO Counselor
>    Importance:     High
>    Sensitivity:    Confidential
>
>    This is an official notice that you should contact the assigned counselor, Ms. Sharon Floyd from EEO Network to proceed with your request to participate in the informal complaint process. Since you failed to comply