UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MILLER,

        Plaintiff,

  v.

MARK V. ROSENKER, Chairman
NATIONAL TRANSPORTATION
SAFETY BOARD,

        Defendant.

Case No. 05-2478 (GK)

Electronic Case Filing

## PLAINTIFF'S REPLY IN SUPPORT OF HIS
## MOTION FOR RECONSIDERATION

      Plaintiff Richard Miller respectfully submits this Reply in support of his Motion for Reconsideration of the Court's July 25, 2008, order dismissing this action [Dkt. No. 43]. Plaintiff has sufficiently alleged medical impairments to justify equitable tolling, and at a minimum the Court should permit counsel to investigate this issue fully, including through discovery, and then provide the Court with supplemental briefing.

      Courts can and have tolled the statute of limitations "if the plaintiff because of disability . . . cannot reasonably be expected to sue in time." *See*, *e.g.*, *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). When considering a Rule 59(e) motion for reconsideration, the court has "considerable discretion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising that discretion, the court's charge is to "strike the proper balance" between "(1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* The court may grant a motion for reconsideration on the basis of newly submitted evidence. When weighing such evidence, the court should consider, among other factors, "the importance

of the evidence to the plaintiff['s] case" and "the likelihood that the defendant[] will suffer unfair prejudice if the case is reopened." *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994).

As Defendant concedes, one established basis for equitable tolling is that the plaintiff suffered from a mental disability that prevented him from properly exhausting. *See*, *e.g.*, Def.'s Opp. to Plaintiff's Mot. for Reconsideration (Aug. 22, 2008) ("Opp."), at 5-6 [Dkt. No. 46]. A plaintiff faces a high burden in seeking to invoke equitable tolling. He must demonstrate that he is "'unable to manage [his] business affairs or estate, or to comprehend [his] legal rights or liabilities.'" *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Decker v. Fink*, 422 A.2d 389, 392 (Md. 1980)); *see also Galluci v. Schaffer*, 507 F. Supp. 2d 85, 92 (D.D.C. 2007) (same); *Speiser v United States Dep't of Health & Human Servs.*, 670 F. Supp. 380, 384 (D.D.C. 1986) (same).

While this is a high burden, the Complaint and the underlying EEO documents on which it is based plainly assert that Mr. Miller suffered from physical and mental impairments that prevented him from exhausting his administrative remedies within the required time period. *See*, *e.g.*, EEO Compl. (Mar. 20, 2003) [Dkt. No. 15-3 at 1] ("Today is the first time in almost a week that I have felt well enough to revise these groupings."). Such statements are surely sufficient to satisfy the liberal pleading rules. The Court should therefore, at a minimum, vacate its order granting the motion to dismiss to permit counsel to investigate this issue fully, including through discovery, and then provide the Court with supplemental briefing.

Defendant's primary response is that Plaintiff's allegations of mental and physical impairment "is entirely inconsistent with the facts that Plaintiff swore to in connection with such opposition." Opp., at 1. Rather than undermine, Mr. Miller's affidavit fully supports his allegations. As an initial matter, Mr. Miller did accurately attest that he was of sound mind—in

September 2006, nearly 18 months after the period during which he EEOC appeal was due. *See* Affidavit (Sept. 12, 2006) ("Miller Aff.") [Dkt No. 20-2], ¶ 1. The statement therefore has no bearing on Mr. Miller's mental or physical impairments in April 2005, when the EEOC appeal was due. Additionally, his statements regarding his calculation of the appeal period and his late filing of the appeal, Miller Aff. ¶¶ 6-7, show precisely how his mental and physical impairments prevented him from meeting the appeal deadline.[1]

For the foregoing reasons, Plaintiff respectfully requests that his motion for reconsideration be granted, that the Court vacate its July 25, 2008, order dismissing this action, and that it deny Defendant's Second Motion to Dismiss or for Summary Judgment.

Dated: September 2, 2008                          Respectfully submitted,

                                                   /s/ Carl S. Nadler
                                                  Carl S. Nadler
                                                  Heller Ehrman LLP
                                                  1717 Rhode Island Avenue, NW
                                                  Washington, DC  20036
                                                  Phone:  202-912-2000
                                                  Fax:  202-912-2020

---

[1] Defendant also cites several e-mail communications to or from Plaintiff as evidence of his capacity. *See* Opp. attachment [Dkt. No. 46-2]. As is clear from the dates of the communications, however, they are from *prior* to the Final Agency Decision in March 2005 and therefore are not from the period during which Mr. Miller was unable to exhaust his administrative remedies due to physical and mental impairments.

**CERTIFICATE OF SERVICE**

    I, Carl S. Nadler, hereby certify that I filed a copy of the foregoing document with the Court on September 2, 2008, through the ECF filing system, which will cause a copy to be served upon all counsel of record.

                                            / s /  Carl S. Nadler
                                            Carl S. Nadler