```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                                       |   |                      |
|---------------------------------------|---|----------------------|
| **RICHARD MILLER,**                   | : |                      |
|                                       | : |                      |
|         Plaintiff,                    | : |                      |
|                                       | : |                      |
|     v.                                | : | Civil Action No.     |
|                                       | : | 05-2478(GK)          |
| **MARK V. ROSENKER, Chairman**        | : |                      |
| **National Transportation**           | : |                      |
| **Safety Board**                      | : |                      |
|                                       | : |                      |
|         Defendants.                   | : |                      |

## MEMORANDUM ORDER

Plaintiff Richard Miller brings this action against Defendant Mark V. Rosenker in his official capacity as Chairman of the National Transportation Safety Board ("NTSB"). Plaintiff alleges that he was the victim of gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and retaliation as a result of the previous Equal Employment Opportunity complaints that he filed.

On July 25, 2008, this Court granted Defendant's Second Motion to Dismiss on the grounds that Plaintiff had failed to file his administrative appeal within the thirty-day period required by EEOC regulations and that Plaintiff made no claim that would justify equitable tolling.

This matter is now before the Court on Plaintiff's Motion for Reconsideration of the Court's July 25, 2008 order of dismissal

[**#43**]. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, Plaintiff's Motion for Reconsideration is **denied.**

Plaintiff argues that the order of dismissal should be reconsidered, even though he missed the deadline for his appeal of the NTSB's decision. Both parties agree that he filed his appeal at least one day late and that his appeal was therefore untimely.

Nonetheless, Plaintiff argues that the time limit should be equitably tolled due to his medical condition at the time of the appeal deadline. He claims that he suffered from depression and anxiety, that he sought treatment to address these ailments, and that the interplay between his mental condition, his physical injuries, and his work environment hindered his capacity to concentrate. He argues that these factors contributed to his late filing and that equitable tolling is therefore appropriate.

Motions for reconsideration are disfavored by this Court, as stated in the Scheduling Order entered in this case on March 16, 2007. See Docket Entry No. 23 at 4 ("Motions for reconsideration are greatly disfavored[.]"). A motion to reconsider will be granted "[o]nly if the moving party presents <u>new facts</u> or a <u>clear error of law</u> which 'compel' a change in the Court's ruling . . .". <u>New York v. United States</u>, 880 F. Supp. 37,38 (D.D.C. 1995)(emphasis added). In other words, a motion for reconsideration is granted only when "there is an intervening change of controlling law, the

availability of new evidence, or the need to correct clear error or manifest injustice." Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A fact is not "new" simply because the Plaintiff has neglected to use it as the basis for an argument in a previous filing. Rather, to be considered "new," a previously unavailable fact must become available. See id.

Plaintiff's arguments are based on a set of facts that were available to him at the time he filed his Opposition to the Motion to Dismiss. He filed that Opposition on September 19, 2006, but claims that he began receiving treatment for depression and anxiety as early as 2001. He describes his mental suffering in depth, but all the events discussed occurred before September 19, 2006. Nowhere does he claim that these facts were either unavailable, not known to him, or not in his possession. In short, since nothing prevented Plaintiff from raising this argument in his Opposition, his Motion for Reconsideration must be denied.

For all these reasons, it is this 4th day of September 2008, hereby

**ORDERED**, that Plaintiff's Motion is **denied.**

/s/
Gladys Kessler
United States District Judge

**Copies to:   attorneys on record via ECF**

3